1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   RAYMOND W. BERTRAND (SB# 220771)
2  raymondbertrand@paulhastings.com
   CATHERINE E. CAOUETTE (SB# 234714)
3  catherinecaouette@paulhastings.com
   3579 Valley Centre Drive
4  San Diego, CA 92130
   Telephone: (858) 720-2500
5  Facsimile: (858) 720-2555

6  Attorneys for Defendant
   MOTHERS WORK, INC.
7

FILED

08 FEB 21 PM 4:14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10                    '08 CV 0340 JLS RBB

11  WISLAWA B. ROSENBLUM,          CASE NO. _____

12              Plaintiff,         (San Diego County Superior Court
                                   Case No. 37-2008-00076083-CU-WT-CTL)
13       vs.
                                   **NOTICE OF REMOVAL OF CIVIL**
14  MOTHERS WORK, INC., a Delaware **ACTION TO FEDERAL COURT**
    Corporation, and DOES 1 through 30,
15  inclusive,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58066850.1

ORIGINAL

1   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2   SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND TO HER ATTORNEYS OF

3   RECORD,

4            PLEASE TAKE NOTICE THAT, Defendant MOTHERS WORK, INC.

5   ("Petitioner/Defendant"), hereby removes this action from the Superior Court of the State of

6   California for the County of San Diego to the United States District Court for the Southern

7   District of California.  This removal is based on diversity of citizenship, pursuant to 28 U.S.C.

8   Sections 1332 and 1441(a).  The facts that entitle Plaintiff/Defendant to remove this action are as

9   follows:

10           1.       On or about January 17, 2008, Plaintiff filed a Complaint in the Superior

11  Court of the State of California for the County of San Diego entitled *WISLAWA B. ROSENBLUM,*

12  *Plaintiff, v. MOTHERS WORK, INC., a Delaware Corporation, and DOES 1 through 30,*

13  *inclusive, Defendant,* and designated as Case No. 37-2008-00076083-CU-WT-CTL.  The

14  Complaint alleged seven causes of action:  (1) wrongful termination: retaliation for refusal to

15  participate in unlawful discrimination FEHA; (2) employment discrimination:  disparate

16  treatment based on age-FEHA; (3) wrongful termination in violation of public policy; (4) breach

17  of contract; (5) breach of the covenant of good faith and fair dealing; (6) negligence; and (7)

18  intentional infliction of emotional distress.  *See* Declaration of Catherine Caouette ("Caouette

19  Decl."), ¶ 2, and Ex. A, attached thereto.

20           2.       On or about January 25, 2008, Petitioner/Defendant was served with a copy

21  of the Complaint and Service of Process Transmittal.  *See* Caouette Decl., ¶ 2 and Ex. A, thereto.

22  The Complaint is the initial pleading setting forth the claim for relief upon which this action is

23  based and may be removed.  No other initial pleadings were received by Petitioner/Defendant

24  prior to January 25, 2008.  Accordingly, this Notice of Removal is being filed within thirty (30)

25  days after receipt by Petitioner/Defendant of the initial pleading and is timely filed pursuant to 28

26  U.S.C. Section 1446(b).

27           3.       Petitioner/Defendant filed and served their Answer to Plaintiff's Complaint

28  on February 19, 2008.  *See* Caouette Decl., ¶ 3, and Ex. B, thereto.

4.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Petitioner/Defendant will serve a written Notice of Removal to the adverse party and file a copy of this Notice of Removal to the United States District Court for the Southern District of California with the Clerk of the Superior Court of the State of California for the County of San Diego.  Proofs of service of these Notices will be filed with this Court shortly after the Superior Court filing and served upon the adverse party are accomplished.  *See* Caouette Decl., ¶ 7, and Exs. C and D, thereto.  Exhibits "A – D" constitute all process, pleadings and orders served on or by Petitioner/Defendant in this action.

5.     The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity of citizenship jurisdiction, in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

6.     Petitioner/Defendant is informed and believes, and on that basis alleges, that Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a), because her place of residence and domicile is and was within the State of California.  *See* Caouette Decl., ¶ 4.

7.     Petitioner/Defendant Mothers Work, Inc., is now, and was a the time this action was commenced, a citizen of the State of Delaware and the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. Section 1332(c)(1), because it now, and was at all material times, incorporated under the laws of the State of Delaware, and maintains, and at all material times maintained, its principal place of business in the Commonwealth of Pennsylvania.  *See* Caouette Decl., ¶ 5.

8.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

9.     Plaintiff's Complaint seeks an unspecified amount of general, special, and punitive damages, and costs and attorneys' fees, in connection with the cause of action set forth in her Complaint.  *See* Complaint, page 13.  Plaintiff's failure to specify in her Complaint the

1   amount of damages she seeks does not deprive this Court of jurisdiction. *See White v. J.C.*

2   *Penney Life Ins. Co.,* 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove a suit to

3   federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in

4   controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining

5   . . . to place a specific dollar value upon its claim."). Based on the nature of the allegations,

6   Plaintiff's previous level of compensation and the multiple penalties and damages sought,

7   Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of costs and interests.

8   *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (plaintiff's claim for compensatory and

9   punitive damages, including emotional distress, was facially in excess of $75,000). *See* Caouette

10  Decl., ¶ 6.

11          10.     In determining whether a complaint meets the $75,000 threshold of 28

12  U.S.C. Section 1332(a), a court may consider the aggregate value of claims for compensatory and

13  punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Assurance Soc'y,*

14  320 U.S. 238, 240, (1943) ("Where both actual and punitive damages are recoverable under a

15  complaint each must be considered to the extent claimed in determining jurisdictional amount.")

16  (footnote omitted); *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) *cert. denied,*

17  459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional

18  amount).

19          11.     Because Plaintiff and Petitioner/Defendant are citizens of different states,

20  and because the Court may disregard the citizenship of the Doe defendants, there is complete

21  diversity between the parties. Further, because there is complete diversity and because the

22  amount in controversy threshold is met, the requirements for removal under 28 U.S.C. Sections

23  1332(a) and 1441(a) are satisfied.

24

25

26

27

28

LEGAL_US_W # 58066850.1                        -4-

1        WHEREFORE, Petitioner/Defendant hereby removes the above-entitled action

2 now pending before the Superior Court of the State of California for the County of San Diego to

3 this Court.

4 DATED:  February 21 , 2008     PAUL, HASTINGS, JANOFSKY & WALKER LLP
                        RAYMOND W. BERTRAND

5                         CATHERINE E. CAOUETTE

6

7                By: _____

8                         RAYMOND W. BERTRAND

9                Attorneys for Defendant
               MOTHERS WORK, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA                         )
                                            ) ss:
CITY AND COUNTY OF SAN DIEGO                )

       I am employed in the City and County of San Diego, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 3579 Valley Centre Drive, San Diego, California  92130.

       On February 21, 2008, I served the foregoing document(s) described as:

### NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

### SEE ATTACHED SERVICE LIST

☐    **VIA OVERNIGHT MAIL:**

VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒    **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on February 21, 2008 with postage thereon fully prepaid, at San Diego, California.

☐    **BY PERSONAL SERVICE:**

I caused the envelope(s) to be delivered by hand to the addressee(s) noted above.  I delivered to an authorized courier or driver to be delivered on the same date.  A proof of service signed by the authorized courier will be filed with the court upon request.

       I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

       Executed on February 21, 2008, at San Diego, California.

_____
Judy Johns

LEGAL_US_W # 58076163.1

1

### SERVICE LIST

2

David Rosenberg, Esq.                    **VIA U.S. MAIL**

3

Annette Farnaes, Esq.
Rosenberg, Shpall & Associates

4

Wells Fargo Plaza
401 "B" Street

5

Suite 2209
San Diego, CA  92101

6

Tel.:  (619) 232-1826
Fax:  (619) 232-1859

7

Attorneys for Plaintiff
Wislawa B. Rosenblum

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58076163.1

**EXHIBIT A**

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process
Transmittal**
01/28/2008
CT Log Number 513021657

**TO:**  Ronald J Masciantonio
Mothers Work, Inc.
456 North 5th Street
Philadelphia, PA 19123

**RE:**  **Process Served in California**

**FOR:**  Mothers Work, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wislawa B. Rosenblum, Pltf. vs. Mothers Work, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit, Cover Sheet, Notice(s), Stipulation Form |
| **COURT/AGENCY:** | San Diego County, San Diego, Superior Court, CA<br>Case # 37200800076083CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Discrimination on the basis of age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/25/2008 at 14:13 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | David Rosenberg<br>Rosenberg, Shpall & Associates, APLC<br>401 "B" Street<br>Suite 2209<br>San Diego, CA 92101<br>619-232-1826 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 791486302620 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / VI

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MOTHERS WORK, INC., a Delaware Corporation, and DOES
1 through 30, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
San Diego Superior Court

JAN 17 2008

Clerk of the Superior Court
By ___A. Fletes___

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WISLAWA B. ROSENBLUM

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>330 W. Broadway<br>San Diego, California  92101<br><br>Central Division | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00076083-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Rosenberg, SBN 99105          (619) 232-1826  (619) 232-1859
ROSENBERG, SHPALL & ASSOCIATES, APLC
401 "B" Street, Suite 2209
San Diego, California  92101

DATE:
*(Fecha)*  JAN 17 2008
Clerk, by ___A. Fletes___, Deputy
*(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Mothers Work, Inc., a Delaware Corpa—

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Ex. A
Page 6

1 │ DAVID ROSENBERG, ESQ. (SBN 99105)
    │ ANNETTE FARNAES, ESQ. (SBN 128701)
2 │ ROSENBERG, SHPALL & ASSOCIATES
    │ WELLS FARGO PLAZA
3 │ 401 "B" Street, Suite 2209
    │ San Diego, California  92101
4 │ Telephone: (619) 232-1826
    │ Facsimile: (619) 232-1859
5 │

37-2008-00076083-CU-WT-CTL

6 │ Attorneys for Plaintiff, WISLAWA B. ROSENBLUM

7 │

8 │                    SUPERIOR COURT OF CALIFORNIA

9 │               COUNTY OF SAN DIEGO, CENTRAL DIVISION

10 │ WISLAWA B. ROSENBLUM,                    ) COMPLAINT FOR DAMAGES FOR:
                                              )
11 │              Plaintiff,                  ) 1. Wrongful termination: retaliation for
                                              )    refusal to participate in unlawful
12 │ v.                                       )    discrimination FEHA;
                                              ) 2. Employment Discrimination: Disparate
13 │ MOTHERS WORK, INC., a Delaware           )    Treatment Based on Age- FEHA;
      Corporation, and DOES 1 through 30,     ) 3. Wrongful Termination in Violation of
14 │ inclusive,                               )    Public Policy;
                                              ) 4. Breach of Contract;
15 │              Defendant.                  ) 5. Breach of the Covenant of Good Faith and
                                              )    Fair Dealing;
16 │                                          ) 6. Negligence;
                                              ) 7. Intentional Infliction of Emotional Distress
17 │ _____)

18 │      Plaintiff, WISLAWA B. ROSENBLUM (hereinafter sometimes referred to as "Plaintiff"),

19 │ alleges as follows:

20 │      1.      Plaintiff, is and at all times mentioned herein was, an individual who resides in the

21 │ County of San Diego, California.

22 │      2.      Plaintiff is informed and believes, and on that basis alleges, that Defendant,

23 │ MOTHERS WORK, INC. (hereinafter sometimes referred to as "the Company"), is a Delaware

24 │ Corporation with its headquarters in Philadelphia, Pennsylvania, licensed to conduct business in

25 │ California and during all times pertinent to this claim doing business within the County of San Diego

26 │ and still conducting business within the County of San Diego.

27 │      3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein

28 │ under the fictitious name DOES 1 through 30, inclusive. Plaintiff is informed and believes that each

-1-
*Complaint for Damages*

1    of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in

2    this complaint.

3         4.      Plaintiff is informed and believes and on that basis alleges, that at all times material

4    to this action, Defendant and each of them, was the agent or employee of each and every other

5    Defendant. In doing the things alleged in the causes of action into which this paragraph is

6    incorporated by reference each and every Defendant was acting within the course and scope of his

7    agency or employment and was acting with the consent, permission and authorization of each of the

8    remaining Defendants. All actions of each Defendant alleged in the causes of action into which this

9    paragraph is incorporated by reference were ratified and approved by the officers or managing agents

10    of every other Defendant.

11                                             I.

12    <u>**FACTUAL BACKGROUND RELEVANT TO ALL CAUSES OF ACTION**</u>

13         5.      Plaintiff WISLAWA B. ROSENBLUM is 45-years-old. In July of 1993, Plaintiff was

14    hired by Defendant MOTHERS WORK, INC. for the position of Store Manager.

15         6.      During her 14 years of employment with Mothers Work, Inc., Plaintiff was promoted

16    from Store Manager to District Manager, a position she held from 2002 until her termination in

17    August of 2007. Plaintiff received pay increases and bonuses on a yearly basis in recognition of her

18    excellent performance throughout her employment and at the end of her employment her annual

19    salary had more than doubled from her beginning salary.

20         7.      Plaintiff received multiple awards during her employment and was nominated

21    "District Manager of the Year" in 2005 and 2006, all in recognition of her excellent performance for

22    the Company. She was granted stock options in the Company in December of 2005.

23         8.      During Plaintiff's five (5) years as West Coast District Manager for the Company's

24    "Pea in the Pod" Division, her job duties included (but were not limited to) management of ten West

25    Coast stores, recruitment and hiring of staff, training of staff and firing of staff within her district.

26    Plaintiff supervised the merchandising of the stores within her district and also opened and set up

27    new stores and was known as the person to call and depend on, when a problem arose.

28    ///

9.    At all times during Plaintiff's employment she frequently worked between 40 to 70 hours per week, due to the amount of responsibility placed on her and the high volume of tasking.

10.    During the time of Plaintiff's employment, Plaintiff received only outstanding performance reviews and her performance was consistently rated "exceeds requirements".

11.    During her time as a District Manager with responsibilities for hiring and firing personnel for the ten West Coast stores, Plaintiff became aware that the Company's Top Management had a secret discriminating hiring policy which was to give preference to pretty, non-pregnant young white women over African-American women, Hispanic women and pregnant women.

12.    On many occasions, Plaintiff was told that her chosen candidate for a position did not "fit the image" and Plaintiff was specifically told to fire two (2) African American women in 2005, and two (2) more in 2006.

13.    In 2005, Plaintiff was told to fire a Hispanic Store Manager in the Beverly Hills store and was specifically told by then Director Patty Mara that she "did not care about California Law" and that she "did not want all "Hernandez's" in the Beverly Hills store". The Beverly Hills store Manager was then moved to another store with a lower volume.

14.    After the Beverly Hills store Manager was relocated, Plaintiff wanted to hire a prior store manager of African American decent for the Beverly Hills store, but was instructed by the upper management "to find someone with a different image".

15.    In August of 2007, Plaintiff hired a pregnant woman for the Beverly Hills store. Plaintiff went on vacation in September 2007, and when she returned she found that the Company had been spreading false rumors about her work ethics.

16.    On October 3, 2007, Plaintiff met with Alexis Black, Division Director and Scott Gerhard, Vice President, and Plaintiff was asked to answer a series of questions which all implied that her work ethics were questionable. Plaintiff denied all implied accusations, however, at the end of the meeting Plaintiff was informed that she was being suspended immediately and on October 8, 2007, she received verbal notification that she was terminated.

///

17.   Despite her 14 years of loyal service to the Company she was terminated without severance pay and without any stated reason for her termination.

18.   Plaintiff's termination was pre-textual in that the real reason was retaliation for refusing to participate in the Company's continuous violations of State and Federal Law and discriminatory because she was an older employee.

19.   Plaintiff's position was immediately given to a much younger (and cheaper) employee.

20.   By firing Plaintiff due to her rightful refusal to adhere to the Company's illegal and discriminating hiring policy, and because of her age, the Defendants and all of them have caused the Plaintiff damages in form of loss of income and loss of future earnings, emotional distress and relocation costs.

**FIRST CAUSE OF ACTION**

**RETALIATION FOR REFUSING TO PARTICIPATE**

**IN UNLAWFUL DISCRIMINATION**

**(GOVERNMENT CODE §12940 et. al.)**

21.   As a first and separate and distinct cause of action Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30 and each of them, and for a cause of action alleges:

22.   Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 20, as set forth above.

23.   In or about June 2005, and through the end of her employment with the Company, Plaintiff openly opposed the secret discriminating hiring policy in that she hired African American and Hispanics and pregnant women for positions within the company, using their qualifications as the only factor in her selection, all in contrast to the wishes of the upper management, who preferred that she not hire African-Americans or Hispanics or pregnant women, especially for the Beverly Hills store.

24.   On or about August 2007, Plaintiff again opposed the Company's discriminating hiring policy, in that she hired a pregnant woman for the Beverly Hills store.

-4-
*Complaint for Damages*

25.    Immediately after Plaintiff hired a pregnant woman for the Beverly Hills store the Company retaliated against her, by spreading false rumors about her and making false accusations about Plaintiff's work ethics, all in an attempt to make it appear that there was good reason for terminating Plaintiff when in reality there was none.

26.    On October 8, 2007, the Plaintiff was fired without severance pay in retaliation of her protected refusal to adhere to the Company's illegal hiring policy and in violation of her protected right not to participate in violations of the law.

27.    Defendant MOTHERS WORK, INC. retaliated against Plaintiff for refusing to participate in the Company's unlawful conduct and for refusing to participate in such conduct all in violation of Government Code §12940 et al. and Labor Code §1102.

28.    Plaintiff suffered damages legally caused by these Defendants' retaliation as stated in the section below entitled "DAMAGES", which is incorporated here to the extent pertinent as set forth.

**SECOND CAUSE OF ACTION**

**DISCRIMINATION / DISPARATE TREATMENT BASED ON AGE**

**GOVERNMENT CODE §§12940 and 12941 (FEHA)**

29.    As a second and separate and distinct cause of action Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them and for a cause of action alleges:

30.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 28, as set forth above.

31.    Plaintiff, who was 45 years of age at the time of firing, was at all material times an employee covered by the California Fair Employment Housing Act, Government Code §12940, et seq. (FEHA) which expressly prohibits discrimination in employment on the basis of age.

32.    Defendant MOTHERS WORK, INC., was at all material times an employer within the meaning of California Government Code §12926(c) and as such, is barred from discriminating in employment decisions on the basis of age, as set forth in California Government Code §§12940 and 12941.

33.    Defendant MOTHERS WORK, INC, discriminated against Plaintiff in the form of disparate treatment based on age and discharged Plaintiff because of her age, in violation of the California Fair Housing and Employment Act.

34.    Plaintiff filed a charge of Age Discrimination with the California Department of Fair Employment and Housing (DFEH), within one (1) year of her termination. The Department issued Plaintiff a "Right-to Sue Letter" within one (1) year of the filing of this complaint. Plaintiff has exhausted her administrative remedies. A true and correct copy of the "Right to Sue Notice" is attached hereto as Exhibit "A" and is incorporated by this reference as though fully set forth herein.

35.    Plaintiff suffered damages illegally caused by these Defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as set forth.

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

36.    As a third and separate and distinct cause of action Plaintiff complains against Defendant MOTHERS WORK, INC., and DOES 1 through 30, and each of them, and for a cause of action alleges:

37.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 35, as set forth above.

38.    From on or about July of 1993 through October 2007, Defendant MOTHERS WORK, INC. employed Plaintiff in various progressive positions and from January 2002, as West Coast District Manager.

39.    At all times herein mentioned, Plaintiff performed all of her job duties to the full satisfaction of Defendant.

40.    On or about October 2007, Defendants' retaliation and discrimination of Plaintiff culminated in the form of her discharge for alleged reasons that were false, but which reasons were in fact, because of her age, seniority and salary level, and her refusal to follow the secret discriminatory hiring and firing company policy all in violation of public policy of the State of California.

41.   As a result of Defendants' actions in violation of public policy, Plaintiff has suffered and will continue to suffer damages legally caused by the Defendants' conduct as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent, as if set forth herein above.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

42.   As a fourth separate and distinct cause of action, Plaintiff complains against Defendants MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause of action alleges:

43.   Plaintiff incorporates by reference paragraphs 1 through 41, inclusive, as though fully set forth herein.

44.   Plaintiff and Defendants MOTHERS WORK, INC. and DOES 1 through 30, entered into an employment contract on or about July 1993, and during the term of Plaintiff's employment.

45.   The contract was oral, written and implied-in-fact. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as her performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits.

46.   Plaintiff undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by her until prevented by Defendants from further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

47.   On or about October 8, 2007, Defendants MOTHERS WORK, INC. and DOES 1 through 30, breached the oral, written and implied-in-fact employment agreement by discharging Plaintiff without good cause and despite her continued satisfactory performance.

48.   Plaintiff suffered damages legally caused by the breach of contract as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth fully herein.

///

-7-

*Complaint for Damages*

Ex. A
Page 13

## FIFTH CAUSE OF ACTION

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

49.    As a fourth and separate and distinct cause of action, Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause of action alleges:

50.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 48, as set forth above.

51.    The law imposed duties on Defendants in connection with the employment agreement to act fairly and in good faith towards Plaintiff. Defendants covenanted to give full cooperation to Plaintiff in her performance under the employment agreement and to refrain from any act which would prevent or impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement or which would prevent Plaintiff from receiving the benefits of the employment agreement.

52.    On or about October 8, 2007, Defendants breached these duties imposed by law in connection with the employment agreement, by discharging Plaintiff and denying the employment agreement, without probable cause and in bad faith.

53.    As a result of Defendants' actions in violation of public policy, Plaintiff has suffered and will continue to suffer damages legally caused by the Defendants' conduct as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if fully set forth herein.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

54.    As a further sixth and separate and distinct cause of action, Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause of action alleges:

55.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 53, as set forth above.

///

-8-
*Complaint for Damages*

56.     The Defendant owed Plaintiff the duty not to perform the supervisory responsibilities towards her negligently, not to negligently hire or retain supervisory employees, who would improperly supervise Plaintiff, and not to terminate Plaintiff negligently or allow her to be terminated negligently.  The Defendant owed Plaintiff this duty by virtue of the employment relationship with Plaintiff and the nature of that relationship, and by virtue of the representations made to Plaintiff, whereby Plaintiff was placed in a manifestly vulnerable position and by virtue of the agreement not to discharge Plaintiff without good cause.

57.     The employment relationship was intended to benefit Plaintiff, by providing her job security so long as she performed satisfactorily, by providing her with a steady stream of earned income, and by providing her with self-worth and self-confidence deriving her from her work.  It was foreseeable, when Plaintiff was induced to enter into the employment relationship and throughout Plaintiff's employment, that negligent performance by any of the Defendants or their agents, of their responsibilities in the employment, would be substantially certain to cause Plaintiff severe injury, both financially and emotionally.  Further, the Defendant occupied a position of trust toward Plaintiff, and of superior knowledge, and knew that they occupied such position.

58.     Defendant negligently supervised Plaintiff, by negligently failing to advise her of any deficiency in her performance, by negligently failing to adequately warn her before her termination, by negligently failing to give Plaintiff constructive criticism and assistance to obtain any necessary improvement in her performance, by negligently conducting an investigation into the seriousness of the alleged offense, and by negligently hiring and retaining supervisors, who improperly supervised Plaintiff, and improperly investigated the offense, allegedly made by Plaintiff.  This negligent supervision by the Defendant and their agents and their negligent hire and retention of unfit supervisors, breached duties owed to Plaintiff by virtue of the employment agreement, and the nature and genesis of the employment relationship.

59.     Defendant MOTHERS WORK, INC. and DOES 1 through 30, negligently terminated Plaintiff from her employment, by negligently evaluating the seriousness of her alleged offense, by negligently failing to conduct an adequate investigation of her performance and her alleged offense, and by negligently failing to consider their duties towards Plaintiff, by negligently omit to counsel

-9-
*Complaint for Damages*

1 | or warn Plaintiff before terminating her, by negligently terminating Plaintiff without good cause, and

2 | by negligently hiring and retaining supervisors, who wrongfully terminated, or caused the wrongful

3 | termination of Plaintiff's employment.

4 | 60.    Plaintiff suffered damages legally caused by these Defendants' negligence as stated

5 | in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if

6 | set forth here in full.

7 | **SEVENTH CAUSE OF ACTION**

8 | **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9 | 61.    As a further seventh and separate and distinct cause of action, Plaintiff complains

10 | against Defendant MOTHERS WORK, INC. and DOES 1 through 30 and each of them, and for a

11 | cause of action alleges:

12 | 62.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1

13 | through 60, as set forth above.

14 | 63.    On or about July 1993, Plaintiff accepted employment with Defendant MOTHERS

15 | WORK, INC., Plaintiff was assured that she would not be discharged without good cause, and

16 | thereafter remained in her employment for more than 14 years in reliance on those assurances.

17 | 64.    Defendant MOTHERS WORK, INC., was in a position of power over Plaintiff, with

18 | the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack

19 | of power, because of her reliance on Defendant's assurances and forbearance of the possibility of

20 | becoming employed elsewhere, because she had placed her trust in Defendant, because she depended

21 | on her employment as the source of income for her own and her family's support, because a

22 | wrongful termination of Plaintiff's employment would likely harm Plaintiff's ability to find other

23 | employment, and because of the great disparity in bargaining power between Plaintiff and her

24 | employer. Defendants were aware of Plaintiff's vulnerability and the reasons for it.

25 | 65.    On or about October 8, 2007, Defendant discharged Plaintiff without good cause, and

26 | confirmed and ratified the discharge.

27 | 66.    Defendant's wrongful discharge of Plaintiff and the manner in which they

28 | accomplished it was outrageous, in that it was without warning and without proper investigation of

-10-

*Complaint for Damages*

1    any purported reason for the termination and ,was further outrageous in that it was punishment of

2    Plaintiff for her rightful refusal to apply discriminative hiring policies for the stores that she

3    managed, and in that Defendants refused to pay Plaintiff any severance payment and further refused

4    to pay Plaintiff her earned bonus from 2007, and in that Defendants at all times intended to discharge

5    Plaintiff without good cause, in violation of the employment agreement, leaving the Plaintiff without

6    her employment and without the income, sense of self-worth, and security she derived from her

7    employment, and which Defendants knew she derived from her employment.

8          67.    This conduct by Defendants was intended to cause Plaintiff emotional distress or was

9    done with reckless disregard of the probability of causing Plaintiff emotional distress.

10         68.    Plaintiff suffered damages legally caused by these Defendants' negligence as stated

11   in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if

12   set forth here in full.

13                                          **DAMAGES**

14         69.    As a legal result of the conduct by Defendant MOTHERS WORK, INC., of which

15   Plaintiff complains, Plaintiff suffered loss of earnings and other employee benefits.  Plaintiff, who

16   is an immigrant of Polish nationality had not obtained a management degree from any school within

17   the United States, but had earned her way to a top-management position within the Company.

18   Plaintiff now has to obtain a business degree in order to secure a compatible position within the retail

19   industry.  Plaintiff will seek leave to amend this complaint to state the amount, or will proceed

20   according to proof at trial.

21         70.    At the time Plaintiff entered into the employment agreement and continuing

22   thereafter, all parties to the agreement contemplated, that it was reasonably foreseeable that breach

23   of the agreement would cause Plaintiff to suffer emotional distress.  At all times, it was likely, in the

24   ordinary cause of things, that breach of the employment agreement would cause Plaintiff to suffer

25   emotional distress.  The terms of the employment agreement related to matters which directly

26   concerned Plaintiff's comfort, happiness and personal welfare, and the Defendants were aware of

27   this at the time they entered into the agreement and continuing thereafter.  The subject matter of the

28   employment agreement was such as to directly affect Plaintiff's self-esteem and emotional well-

1    being, and Defendants were aware of this at the time they entered into the agreement, and continuing

2    thereafter.

3           71.     Plaintiff suffered emotional distress as a legal result of the conduct by Defendants of

4    which Plaintiff complains. Plaintiff suffered mental distress, suffering and anguish as a legal result

5    of Defendants' outrageous conduct, reacting to her discharge with humiliation, embarrassment,

6    anger, disappointment and worry, all of which is substantial and enduring. Plaintiff will seek leave

7    to amend this complaint to state the amount or will proceed according to proof at trial.

8           72.     At all materials times, Defendants and each of them, knew that Plaintiff depended on

9    her wages and other employee benefits as a source of earned income. At all material times,

10    Defendants were in a position of power over Plaintiff, with the potential to abuse their power.

11    Plaintiff was in a vulnerable position, because of her relative lack of power, because of her reliance

12    on Defendant's assurances and forbearance of the possibility of becoming employed elsewhere,

13    because she had placed her trust in Defendants, because she depended on her employment for her

14    self-esteem and sense of belonging, because she relied upon her employment as a source of income

15    for her and her family's support, because a wrongful termination of Plaintiff's employment would

16    likely harm Plaintiff's ability to find other employment, and because of the great disparity in

17    bargaining power between Plaintiff and her employer. Defendants were aware of Plaintiff's

18    vulnerability and the reasons for it.

19           73.     Notwithstanding such knowledge, Defendants and each of them acted oppressively,

20    fraudulently and maliciously in willful and conscious disregard of Plaintiff's rights, and with the

21    intention of causing, or in reckless disregard of the probability of causing, injury and emotional

22    distress to the Plaintiff. Further, Defendant was informed of the oppressive fraudulent and malicious

23    conduct of their employees, agents and subordinates and ratified, approved and authorized their

24    conduct. The foregoing conduct of Defendants and each of them was intentional willful and

25    malicious, and Plaintiff is entitled to punitive damages in an amount to conform to proof. Plaintiff

26    is also entitled to attorney's fees and costs pursuant to California Labor Code §218.5.

27    ///

28    ///

-12-
*Complaint for Damages*

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them as follows:

1.    For money judgment representing compensatory damages including lost wages, earnings, overtime, earned bonuses, retirement benefits and other employee benefits and all other sums of money for work performed, together with interest on these amounts according to proof;

2.    For the costs associated with obtaining a business degree in the United States;

3.    For necessary costs incurred as result of termination;

4.    For money judgment for mental pain and anguish and emotional distress, according to proof.

5.    For an award of punitive damages according to proof;

6.    For costs of suit and attorney's fees;

7.    For prejudgment of post judgment interest;

8.    For any other relief that is just and proper;

9.    For attorney's fees pursuant to Code of Civil Procedure § 1021.5 and Government Code §12965(b).

Respectfully Submitted:

ROSENBERG, SHPALL & ASSOCIATES, APLC

Dated: January 15th, 2008

By: _____
ANNETTE FARNAES, Esquire
Attorney for Plaintiff
WISLAWA ROSENBLUM

-13-
*Complaint for Damages*

Ex. A
Page 19

# EXHIBIT "A"

RECEIVED NOV 1 9 2007

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov

November 9, 2007

WISLAWA B. ROSENBLUM
7142 B Calabria Court
San Diego, CA 92122

RE:  E200708D0608-00-rc
     ROSENBLUM/MOTHERS WORK, INC.

Dear WISLAWA B. ROSENBLUM:

### NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair
Employment and Housing on 11/1/2007 pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq.  Also enclosed is a copy of your client's
Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the
complaint** on respondent(s). You should also enclose a copy of the Notice of Case Closure
along with the complaint.  These documents must be served within **60 days** of the filing date of
the complaint.  Government Code section 12962(b) further provides that complaints must be
served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the
conditions for filing a private lawsuit in the State of California.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator

Enclosure:    Complaint of Discrimination
              Notice of Case Closure

DFEH-200-06 (01/05)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683
www.dfeh.ca.gov



November 9, 2007


WISLAWA B. ROSENBLUM
7142 B Calabria Court
San Diego, CA 92122


RE:    E200708D0608-00-rc
       ROSENBLUM/MOTHERS WORK, INC.


Dear WISLAWA B. ROSENBLUM:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective
November 1, 2007 because an immediate right-to-sue notice was requested.  DFEH will take no
further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment and
Housing Act against the person, employer, labor organization or employment agency named in
the above-referenced complaint.  The civil action must be filed within one year from the date of
this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH
*Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is
still open at the end of the three-year period.

Sincerely,

*Belinda LeDoux*

Belinda LeDoux
District Administrator


cc:     Case File


Director
Human Resources/Personnel
MOTHERS WORK, INC.
456 North 5th Street
Philadelphia, PA  19123

DFEH-200-43 (06/06)

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Annette Farnaes, SBN 128701<br>David Rosenberg, SBN 99105<br>ROSENBERG, SHPALL & ASSOCIATES, APLC<br>401 "B" Street, Suite 2209<br>San Diego, California 92101 | **FOR COURT USE ONLY** |

TELEPHONE NO.: (619) 232-1826    FAX NO.: (619) 232-1859
ATTORNEY FOR (Name): WISLAWA B. ROSENBLUM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: **330 West Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, California 92101**
BRANCH NAME: **Central Division**

CASE NAME:    ROSENBLUM V. MOTHERS WORK

| CIVIL CASE COVER SHEET<br>[X] Unlimited          [ ] Limited<br>(Amount                   (Amount<br>demanded                demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter      [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER<br>37-2008-00076083-CU-WT-CTL<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): SEVEN (7)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 15, 2008

Annette Farnaes, SBN 128701
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10 |

Legal Solutions Plus

3/17 COS @ V

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:      330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY AND ZIP CODE:   San Diego, CA 92101<br>BRANCH NAME:         Central<br>TELEPHONE NUMBER: (619) 685-6058 | |

| |
|---|
| **PLAINTIFF(S) / PETITIONER(S):**   Wislawa Rosenblum |
| **DEFENDANT(S) / RESPONDENT(S):**  Mothers Work Inc., a Delaware Corp. |

ROSENBLUM VS. MOTHERS WORK INC., A DELAWARE CORP.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00076083-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                         Department: C-61

**COMPLAINT/PETITION FILED: 01/17/2008**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Ex. A
Page 25

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00076083-CU-WT-CTL    CASE TITLE: Rosenblum vs. Mothers Work Inc., a Delaware Corp.

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

Page: 2

**2**
Ex. A
Page 27

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Wislawa Rosenblum |
|---|
| DEFENDANT(S): Mothers Work Inc., a Delaware Corp. |
| SHORT TITLE:  ROSENBLUM VS. MOTHERS WORK INC., A DELAWARE CORP. |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00076083-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                    Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐  Court-Referred Mediation Program                 ☐  Court-Ordered Nonbinding Arbitration

☐  Private Neutral Evaluation                              ☐  Court-Ordered Binding Arbitration (Stipulated)

☐  Private Mini-Trial                                            ☐  Private Reference to General Referee

☐  Private Summary Jury Trial                            ☐  Private Reference to Judge

☐  Private Settlement Conference with Private Neutral    ☐  Private Binding Arbitration

☐  Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                         Date: _____

_____                     _____
Name of Plaintiff                                               Name of Defendant

_____                     _____
Signature                                                          Signature

_____                     _____
Name of Plaintiff's Attorney                               Name of Defendant's Attorney

_____                     _____
Signature                                                          Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 01/17/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

02/19/2008        DLSUSA/DIVERSIFIED        PAGE2

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 FEB 19 P 4: 06

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    RAYMOND W. BERTRAND (SB# 220771)
2   raymondbertrand@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA 92130
    Telephone: (858) 720-2500
5   Facsimile: (858) 720-2555

6   Attorneys for Defendant
    MOTHERS WORK, INC.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             CITY AND COUNTY OF SAN DIEGO

10

11   WISLAWA B. ROSENBLUM,        CASE NO. 37-2008-00076083-CU-WT-CTL

12         Plaintiff,        **ANSWER TO COMPLAINT**

13       vs.        **FILE BY FAX**

14   MOTHERS WORK, INC., a Delaware
    Corporation, and DOES 1 through 30,
15   inclusive,

16         Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58059176.1

ANSWER TO COMPLAINT

COPY

COMES NOW Defendant Mothers Work, Inc., and answers the following unverified Complaint filed in the above-entitled action ("Complaint") as follows:

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in the Complaint, and further denies that Plaintiff has been damaged in the sum or sums alleged, or in any sum, or at all, or is entitled to any of the relief requested therein, including without limitation, general, compensatory, punitive and other damages, by reason of any act or omission on the part of Defendants, their agents, servants, employees or representatives.

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, and each and every purported cause of action contained therein, does not state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff was an employee of Defendant, which employment did not have a specified term and could be terminated at the will of either party upon notice to the other.

### THIRD AFFIRMATIVE DEFENSE

3.    The Complaint, and each of the purported causes of action is barred by the applicable statute of limitations, including but not limited to, CAL. GOV'T CODE § 12960 and CAL. CODE CIV. PROC. §§ 335.1, 337, and 339.

### FOURTH AFFIRMATIVE DEFENSE

4.    The Complaint, and each of the purported causes of action, is barred in whole or in part by Plaintiff's failure to exhaust all internal grievance procedures and administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff is estopped, in whole or in part, from asserting claims/cause of action alleged in the Complaint by reason of her own acts and/or omissions.

### SIXTH AFFIRMATIVE DEFENSE

6.    The Complaint, and each cause of action alleged therein, is barred by the doctrine of waiver.

LEGAL_US_W # 58059176.1

-2-

### SEVENTH AFFIRMATIVE DEFENSE

7.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

8.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

9.    The Complaint, and each purported cause of action alleged therein, fails because Plaintiff did not satisfy and/or breached her statutory obligations as provided in the California Labor Code.  CAL. LAB. CODE § 2856.

### TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims are barred by the exclusive remedy of Workers' Compensation, CAL. LAB. CODE § 3600 *et seq.*

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff has failed to properly mitigate the damages claimed to have been sustained by reason of the conduct of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

12.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    The Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly harassing, discriminatory and retaliatory behavior, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by

1  Defendant or to avoid harm otherwise.

2  FIFTEENTH AFFIRMATIVE DEFENSE

3  15.    The Complaint is barred, in whole or in part, because Plaintiff failed to

4  notify the appropriate management personnel of the allegedly improper conduct which forms the

5  basis of the Complaint.

6  SIXTEENTH AFFIRMATIVE DEFENSE

7  16.    To the extent that Plaintiff makes allegations or claims with respect to a

8  time period more than one year prior to the date on which Plaintiff allegedly filed a complaint

9  with the California Department of Fair Employment and Housing ("DFEH"), or which were not

10 made the subject of a timely DFEH and/or EEOC complaint, the Court lacks jurisdiction with

11 respect to any such allegations or claims. CAL. GOV'T CODE §§ 12900 *et seq.*

12 SEVENTEENTH AFFIRMATIVE DEFENSE

13 17.    The first purported cause of action for breach of implied contract fails to

14 state facts sufficient to constitute a cause of action because Plaintiff's employment was

15 terminable at the will of either party to the employment relationship, with or without cause, so

16 that Plaintiff has no claim for relief based upon the termination of her employment. CAL. LAB.

17 CODE § 2922.

18 EIGHTEENTH AFFIRMATIVE DEFENSE

19 18.    The fourth purported cause of action for breach of implied contract fails to

20 state facts sufficient to constitute a cause of action because, to the extent good cause determinate

21 was required, any decision made by Defendant with respect to Plaintiff's employment was based

22 upon good cause.

23 NINTEENTH AFFIRMATIVE DEFENSE

24 19.    The fourth purported cause of action for breach of implied contract fails to

25 state facts sufficient to constitute a cause of action because at the time Defendant made the

26 decision to terminate Plaintiff's employment, Defendant was acting reasonably and in good faith.

27 TWENTIETH AFFIRMATIVE DEFENSE

28 20.    The fourth purported cause of action for breach of implied contract is

LEGAL_US_W # 58059176.1                     -4-

1   barred because the alleged contract of employment between Plaintiff and Defendant, if any, is

2   vague and uncertain and therefore unenforceable.

3                          TWENTY-FIRST AFFIRMATIVE DEFENSE

4          21.    To the extent that there was a contract between the parties, which

5   Defendant expressly denies, Plaintiff's claims are barred by the statute of frauds.

6                        TWENTY-SECOND AFFIRMATIVE DEFENSE

7          22.    The actions of Defendant and its agents, servants, employees or

8   representatives, as alleged in the Complaint, were work-related and consistent with the doctrine of

9   business necessity and were within Defendant's reasonable business judgment.

10                        TWENTY-THIRD AFFIRMATIVE DEFENSE

11         23.    Defendant cannot be liable for punitive or exemplary damages because no

12  officer, director or managing agent of the corporation (a) personally engaged in oppression, fraud

13  or malice; (b) had advanced knowledge of the unfitness of any employee who engaged in

14  oppression, fraud or malice and employed that employee with a conscious disregard of the rights

15  and safety of others; or (c) authorized or ratified any employee to engage in oppression, fraud or

16  malice.  CAL. CIV. CODE § 3294.  Defendant also cannot be liable for punitive or exemplary

17  damages as prayed for in the Complaint, and any allegations with respect thereto should be

18  stricken, because California's laws regarding the alleged conduct in question in this action are too

19  vague to permit the imposition of punitive damages, and because any aware of punitive or

20  exemplary damages under California law in general, and/or any such award under California law

21  as applied to the facts in this case, would violate Defendant's constitutional rights under

22  provisions of the United States and California Constitutions, including, but not limited to, the due

23  process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and

24  the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the

25  United States Constitution.

26                       TWENTY-FOURTH AFFIRMATIVE DEFENSE

27         24.    The Complaint, and each purported cause of action alleged therein, fails to

28  state facts sufficient for the imposition of punitive damages in any sum whatsoever against

LEGAL_US_W # 58059176.1                              -5-

1 | Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.  Plaintiff's claim for punitive damages is barred by the United States and California Constitutions, including, without limitation, the due process rights thereunder of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.  The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the after-acquired-evidence doctrine to the extent, after the alleged termination of Plaintiff's employment, Defendant learned of Plaintiff's wrongful conduct during her employment that would have resulted in her alleged termination.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.  Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination, harassment and retaliation in its workplace and made good faith efforts to implement and enforce that policy.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.  The Complaint, and each purported cause of action alleged therein, is barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.  Plaintiff is not entitled to collect pre-judgment interest in this matter because she is not entitled to recover any damages.

///
///
///
///
///
///
///
///

LEGAL_US_W # 58059176.1

-6-

ANSWER TO COMPLAINT

1    WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her

2  Complaint herein, for costs of suit and reasonable attorneys' fees, and for such other and further

3  relief as the court deems proper.

4  DATED:  February  19 , 2008       PAUL, HASTINGS, JANOFSKY & WALKER LLP

5                                    RAYMOND W. BERTRAND
                                     CATHERINE E. CAOUETTE

6

7                                    By:_____

8                                          RAYMOND W. BERTRAND

9                                    Attorneys for Defendant
                                     MOTHERS WORK, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58059176.1                 -7-

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss:
CITY AND COUNTY OF SAN DIEGO )

I am employed in the City and County of San Diego, State of California. I am over the age of 18, and not a party to the within action. My business address is 3579 Valley Centre Drive, San Diego, California 92130.

On February 19, 2008, I served the foregoing document(s) described as:

## ANSWER TO COMPLAINT

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

## SEE ATTACHED SERVICE LIST

☐ **VIA OVERNIGHT MAIL:**

VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on February 19, 2008 with postage thereon fully prepaid, at San Diego, California.

☐ **BY PERSONAL SERVICE:**

I caused the envelope(s) to be delivered by hand to the addressee(s) noted above. I delivered to an authorized courier or driver to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 19, 2008, at San Diego, California.

_____
Judy Miller

LEGAL_US_W # 58233554.1

PROOF OF SERVICE

1

## SERVICE LIST

2

David Rosenberg, Esq.                    **VIA U.S. MAIL**

3

Annette Farnaes, Esq.
Rosenberg, Shpall & Associates

4

Wells Fargo Plaza
401 "B" Street

5

Suite 2209
San Diego, CA 92101

6

Tel.: (619) 232-1826
Fax: (619) 232-1859

7

Attorneys for Plaintiff

8

Wislawa B. Rosenblum

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58233554.1

**EXHIBIT  C**

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     RAYMOND W. BERTRAND (SB# 220771)
2    raymondbertrand@paulhastings.com
     CATHERINE E. CAOUETTE (SB# 234714)
3    catherinecaouette@paulhastings.com
     3579 Valley Centre Drive
4    San Diego, CA 92130
     Telephone: (858) 720-2500
5    Facsimile: (858) 720-2555

6    Attorneys for Defendant
     MOTHERS WORK, INC.
7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11   WISLAWA B. ROSENBLUM,                    CASE NO. 37-2008-00076083-CU-WT-CTL

12              Plaintiff,                    **NOTICE TO ADVERSE PARTY OF
                                              REMOVAL OF CIVIL ACTION TO
13        vs.                                 FEDERAL COURT BY DEFENDANT
                                              MOTHERS WORK, INC.**
14   MOTHERS WORK, INC., a Delaware
     Corporation, and DOES 1 through 30,
15   inclusive,                               Judge:    Hon. John S. Meyer
                                              Dept.:    C-61
16              Defendant.
                                              Complaint Filed:   January 17, 2008
17                                            Trial Date:        None Set

18

19

20

21

22

23

24

25

26

27
                                                                    Ex. C
28                                                                  Page 38
     LEGAL_US_W # 58242200.1

     NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
                                    MOTHERS WORK, INC.

1    TO PLAINTIFF WISLAWA B. ROSENBLUM AND HER ATTORNEYS OF

2  RECORD DAVID ROSENBERG AND ANNETTE FARNAES OF THE LAW FIRM OF

3  ROSENBERG, SHPALL & ASSOCIATES:

4    PLEASE TAKE NOTICE THAT on February 21, 2008, Defendant Mothers Work,

5  Inc. filed in the United States District Court for the Southern District of California a Notice of

6  Removal of Civil Action.  Attached to this notice as Exhibit "A" is a true and correct copy of the

7  Notice of Removal, the filing of which effects the removal of this action to the United States

8  District Court.

9

10  DATED: February _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                       RAYMOND W. BERTRAND
11                                     CATHERINE E. CAOUETTE

12

13                                     By:_____
                                              RAYMOND W. BERTRAND
14

15                                     Attorneys for Defendant
                                       MOTHERS WORK, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex. C
Page 39

LEGAL_US_W # 58242200.1                     -2-

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
MOTHERS WORK, INC.

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    RAYMOND W. BERTRAND (SB# 220771)
2   raymondbertrand@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA  92130
    Telephone:  (858) 720-2500
5   Facsimile:  (858) 720-2555

6   Attorneys for Defendant
    MOTHERS WORK, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  WISLAWA B. ROSENBLUM,                CASE NO. 37-2008-00076083-CU-WT-CTL

12             Plaintiff,               **NOTICE TO SUPERIOR COURT OF
                                        REMOVAL OF CIVIL ACTION TO
13        vs.                           FEDERAL COURT BY DEFENDANT
                                        MOTHERS WORK, INC.**
14  MOTHERS WORK, INC., a Delaware
    Corporation, and DOES 1 through 30,
15  inclusive,                           Judge:   Hon. John S. Meyer
                                         Dept.:   C-61
16             Defendant.
                                         Complaint Filed:  January 17, 2008
17                                       Trial Date:       None Set

18

19

20

21

22

23

24

25

26

27                                                            Ex. D
                                                             Page 40
28
    LEGAL_US_W # 58242246.1

1    TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF

2  CALIFORNIA FOR THE COUNTY OF SAN DIEGO:

3    Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

4  of Civil Action to the United States District Court, the original of which was filed with the United

5  States District Court for the Southern District of California on February 21, 2008.

6

7  DATED: February _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                      RAYMOND W. BERTRAND
8                                     CATHERINE E. CAOUETTE

9

10                                    By:_____

11                                          RAYMOND W. BERTRAND

12                                    Attorneys for Defendant
                                      MOTHERS WORK, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                    Ex. D
                                                                    Page 41
NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY
DEFENDANT MOTHERS WORK, INC.

1

**PROOF OF SERVICE**

2 | STATE OF CALIFORNIA )
   )  ss:
3 | CITY AND COUNTY OF SAN DIEGO )

4          I am employed in the City and County of San Diego, State of California. I am
over the age of 18, and not a party to the within action. My business address is 3579 Valley
5 | Centre Drive, San Diego, California 92130.

6          On February 21, 2008, I served the foregoing document(s) described as:

7 | **DECLARATION OF CATHERINE CAOUETTE IN SUPPORT OF NOTICE OF
   REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

8
   on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
9 | addressed as follows:

10                      **SEE ATTACHED SERVICE LIST**

11
   ☐      **VIA OVERNIGHT MAIL:**
12
          VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail
13        service or an authorized courier in a sealed envelope or package designated by the
          express service courier addressed to the person(s) on whom it is to be served.

14 | ☒      **VIA U.S. MAIL:**
15        I am readily familiar with the firm's practice of collection and processing of
          correspondence for mailing. Under that practice such sealed envelope(s) would be
16        deposited with the U.S. postal service on February 21, 2008 with postage thereon
          fully prepaid, at San Diego, California.

17 | ☐      **BY PERSONAL SERVICE**:
          I caused the envelope(s) to be delivered by hand to the addressee(s) noted above. I
18        delivered to an authorized courier or driver to be delivered on the same date. A
          proof of service signed by the authorized courier will be filed with the court upon
19        request.

20
          I declare that I am employed in the office of a member of the bar of this
21
   court, at whose direction this service was made.
22

23        Executed on February 21, 2008, at San Diego, California.

24

25                                      _____
26                                              Judy Johns

27

28
   LEGAL_US_W # 58076163.1

                                    PROOF OF SERVICE

1

### SERVICE LIST

2

David Rosenberg, Esq.                  **VIA U.S. MAIL**
Annette Farnaes, Esq.

3

Rosenberg, Shpall & Associates

4

Wells Fargo Plaza
401 "B" Street

5

Suite 2209
San Diego, CA  92101

6

Tel.:  (619) 232-1826
Fax:  (619) 232-1859

7

Attorneys for Plaintiff

8

Wislawa B. Rosenblum

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Wislawa B. Rosenblum

**DEFENDANTS**

Mothers Work, Inc.

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia

FILED

08 FEB 21 PM 4:14

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                    DEPUTY

'08 CV 0340 JLS RBB

(NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE (IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David Rosenberg (SBN 99105), Rosenberg, Shpall & Assoc., Wells Fargo Plaza, 401 "B" Street, Ste. 2209, San Diego, CA 92101, 619-232-1826

Attorneys (If Known)

Raymond Bertrand (SBN 220771), Paul, Hastings, Janofsky & Walker, 3579 Valley Ctr. Dr., San Diego, CA 92130, 858-720-2558

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
This Court has diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(a)

Brief description of cause:
Employment litigation - wrongful termination/age discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE

DOCKET NUMBER

DATE   2/21/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 14943    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

Sa 2/21/08

**ORIGINAL**

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss:
CITY AND COUNTY OF SAN DIEGO )

        I am employed in the City and County of San Diego, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 3579 Valley Centre Drive, San Diego, California  92130.

        On February 21, 2008, I served the foregoing document(s) described as:

**CIVIL CASE COVERSHEET**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

    ☐    **VIA OVERNIGHT MAIL:**

        VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

    ☒    **VIA U.S. MAIL:**

        I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on February 21, 2008 with postage thereon fully prepaid, at San Diego, California.

    ☐    **BY PERSONAL SERVICE:**

        I caused the envelope(s) to be delivered by hand to the addressee(s) noted above.  I delivered to an authorized courier or driver to be delivered on the same date.  A proof of service signed by the authorized courier will be filed with the court upon request.

        I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

        Executed on February 21, 2008, at San Diego, California.

_____
Judy Johns

LEGAL_US_W # 58076163.1

1

**SERVICE LIST**

2

David Rosenberg, Esq.                    **VIA U.S. MAIL**

3

Annette Farnaes, Esq.
Rosenberg, Shpall & Associates

4

Wells Fargo Plaza
401 "B" Street

5

Suite 2209
San Diego, CA  92101

6

Tel.:  (619) 232-1826

7

Fax:  (619) 232-1859
Attorneys for Plaintiff

8

Wislawa B. Rosenblum

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147943    — SH**

**February 21, 2008**
**16:12:29**

**Civ Fil Non-Pris**
USAO #.: 08CV0340
Judge..: JANIS L. SANMARTINO
Amount.:                $350.00 CK
Check#.: BC0038517

**Total—>   $350.00**

FROM: ROSENBLUM  V. MOTHERS WORK INC