1 PAUL, HASTINGS, JANOFSKY & WALKER LLP
RAYMOND W. BERTRAND (SB# 220771)
2 raymondbertrand@paulhastings.com
CATHERINE E. CAOUETTE (SB# 234714)
3 catherinecaouette@paulhastings.com
3579 Valley Centre Drive
4 San Diego, CA 92130
Telephone: (858) 720-2500
5 Facsimile: (858) 720-2555

6 Attorneys for Defendant
MOTHERS WORK, INC.

7

8 UNITED STATES DISTRICT COURT

9 FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | WISLAWA B. ROSENBLUM, | Case No. 08-CV-0340 JLS (RBB) |
|---|---|---|
| 12 | Plaintiff, | (San Diego County Superior Court Case No. 37-2008-00076083-CU-WT-CTL) |
| 13 | vs. | |
| 14 | MOTHERS WORK, INC., a Delaware Corporation, and DOES 1 through 30, | **PROOF RE FILING WITH THE STATE COURT** |
| 15 | inclusive, | |
| 16 | Defendant. | |

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 08-CV-0340 JLS (RBB)

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    RAYMOND W. BERTRAND (SB# 220771)
2   raymondbertrand@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA 92130
    Telephone: (858) 720-2500
5   Facsimile: (858) 720-2555

6   Attorneys for Defendant
    MOTHERS WORK, INC.
7

FILED
CIVIL BUSINESS OFFICE 17
CENTRAL DIVISION

08 FEB 26 PM 3: 44

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY. CA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

| | |
|---|---|
| 11  WISLAWA B. ROSENBLUM, | CASE NO. 37-2008-00076083-CU-WT-CTL |
| 12              Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT MOTHERS WORK, INC.** |
| 13        vs. | |
| 14  MOTHERS WORK, INC., a Delaware Corporation, and DOES 1 through 30, inclusive, | |
| 15 | |
| 16              Defendant. | Judge:    Hon. John S. Meyer<br>Dept.:    C-61 |
| 17 | Complaint Filed:   January 17, 2008<br>Trial Date:    None Set |

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58242200.1

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
MOTHERS WORK, INC.

1    TO PLAINTIFF WISLAWA B. ROSENBLUM AND HER ATTORNEYS OF

2  RECORD DAVID ROSENBERG AND ANNETTE FARNAES OF THE LAW FIRM OF

3  ROSENBERG, SHPALL & ASSOCIATES:

4    PLEASE TAKE NOTICE THAT on February 21, 2008, Defendant Mothers Work,

5  Inc. filed in the United States District Court for the Southern District of California a Notice of

6  Removal of Civil Action. Attached to this notice as Exhibit "A" is a true and correct copy of the

7  Notice of Removal, the filing of which effects the removal of this action to the United States

8  District Court.

9

10  DATED: February 26 , 2008         PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                       RAYMOND W. BERTRAND
11                                     CATHERINE E. CAOUETTE

12

13                             By: _____
14                                         RAYMOND W. BERTRAND

15                             Attorneys for Defendant
                               MOTHERS WORK, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
MOTHERS WORK, INC.

# EXHIBIT A

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   RAYMOND W. BERTRAND (SB# 220771)
2  raymondbertrand@paulhastings.com
   CATHERINE E. CAOUETTE (SB# 234714)
3  catherinecaouette@paulhastings.com
   3579 Valley Centre Drive
4  San Diego, CA 92130
   Telephone: (858) 720-2500
5  Facsimile: (858) 720-2555

6  Attorneys for Defendant
   MOTHERS WORK, INC.

7

FILED

'08 FEB 21 PM 4: 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  WISLAWA B. ROSENBLUM,              '08 CV 0340 JLS RBB

                                       CASE NO. _____
12              Plaintiff,
                                       (San Diego County Superior Court
13      vs.                            Case No. 37-2008-00076083-CU-WT-CTL)

14  MOTHERS WORK, INC., a Delaware     **NOTICE OF REMOVAL OF CIVIL**
    Corporation, and DOES 1 through 30, **ACTION TO FEDERAL COURT**
15  inclusive,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28
   LEGAL_US_W # 58066850.1

1    TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2    SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND TO HER ATTORNEYS OF

3    RECORD,

4            PLEASE TAKE NOTICE THAT, Defendant MOTHERS WORK, INC.

5    ("Petitioner/Defendant"), hereby removes this action from the Superior Court of the State of

6    California for the County of San Diego to the United States District Court for the Southern

7    District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C.

8    Sections 1332 and 1441(a). The facts that entitle Plaintiff/Defendant to remove this action are as

9    follows:

10           1.      On or about January 17, 2008, Plaintiff filed a Complaint in the Superior

11   Court of the State of California for the County of San Diego entitled *WISLAWA B. ROSENBLUM,*

12   *Plaintiff, v. MOTHERS WORK, INC., a Delaware Corporation, and DOES 1 through 30,*

13   *inclusive, Defendant,* and designated as Case No. 37-2008-00076083-CU-WT-CTL. The

14   Complaint alleged seven causes of action: (1) wrongful termination: retaliation for refusal to

15   participate in unlawful discrimination FEHA; (2) employment discrimination: disparate

16   treatment based on age-FEHA; (3) wrongful termination in violation of public policy; (4) breach

17   of contract; (5) breach of the covenant of good faith and fair dealing; (6) negligence; and (7)

18   intentional infliction of emotional distress. *See* Declaration of Catherine Caouette ("Caouette

19   Decl."), ¶ 2, and Ex. A, attached thereto.

20           2.      On or about January 25, 2008, Petitioner/Defendant was served with a copy

21   of the Complaint and Service of Process Transmittal. *See* Caouette Decl., ¶ 2 and Ex. A, thereto.

22   The Complaint is the initial pleading setting forth the claim for relief upon which this action is

23   based and may be removed. No other initial pleadings were received by Petitioner/Defendant

24   prior to January 25, 2008. Accordingly, this Notice of Removal is being filed within thirty (30)

25   days after receipt by Petitioner/Defendant of the initial pleading and is timely filed pursuant to 28

26   U.S.C. Section 1446(b).

27           3.      Petitioner/Defendant filed and served their Answer to Plaintiff's Complaint

28   on February 19, 2008. *See* Caouette Decl., ¶ 3, and Ex. B, thereto.

1        4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of

2  Removal, Petitioner/Defendant will serve a written Notice of Removal to the adverse party and

3  file a copy of this Notice of Removal to the United States District Court for the Southern District

4  of California with the Clerk of the Superior Court of the State of California for the County of San

5  Diego.  Proofs of service of these Notices will be filed with this Court shortly after the Superior

6  Court filing and served upon the adverse party are accomplished.  *See* Caouette Decl., ¶ 7, and

7  Exs. C and D, thereto.  Exhibits "A – D" constitute all process, pleadings and orders served on or

8  by Petitioner/Defendant in this action.

9        5.      The Complaint, and each alleged cause of action contained therein, may be

10  properly removed on the basis of diversity of citizenship jurisdiction, in that this is a civil action

11  between citizens of different states and the matter in controversy exceeds the sum of $75,000,

12  exclusive of interest and costs.  28 U.S.C. § 1332.

13        6.      Petitioner/Defendant is informed and believes, and on that basis alleges,

14  that Plaintiff is now, and was at the time this action was commenced, a citizen of the State of

15  California within the meaning of 28 U.S.C. Section 1332(a), because her place of residence and

16  domicile is and was within the State of California.  *See* Caouette Decl., ¶ 4.

17        7.      Petitioner/Defendant Mothers Work, Inc., is now, and was a the time this

18  action was commenced, a citizen of the State of Delaware and the Commonwealth of

19  Pennsylvania within the meaning of 28 U.S.C. Section 1332(c)(1), because it now, and was at all

20  material times, incorporated under the laws of the State of Delaware, and maintains, and at all

21  material times maintained, its principal place of business in the Commonwealth of Pennsylvania.

22  *See* Caouette Decl., ¶ 5.

23        8.      The presence of Doe defendants in this case has no bearing on diversity

24  with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter,

25  the citizenship of defendants sued under fictitious names shall be disregarded.").

26        9.      Plaintiff's Complaint seeks an unspecified amount of general, special, and

27  punitive damages, and costs and attorneys' fees, in connection with the cause of action set forth in

28  her Complaint.  *See* Complaint, page 13.  Plaintiff's failure to specify in her Complaint the

1  amount of damages she seeks does not deprive this Court of jurisdiction. *See White v. J.C.*

2  *Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove a suit to

3  federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in

4  controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining

5  . . . to place a specific dollar value upon its claim."). Based on the nature of the allegations,

6  Plaintiff's previous level of compensation and the multiple penalties and damages sought,

7  Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of costs and interests.

8  *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (plaintiff's claim for compensatory and

9  punitive damages, including emotional distress, was facially in excess of $75,000). *See* Caouette

10  Decl., ¶ 6.

11         10.    In determining whether a complaint meets the $75,000 threshold of 28

12  U.S.C. Section 1332(a), a court may consider the aggregate value of claims for compensatory and

13  punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Assurance Soc'y*,

14  320 U.S. 238, 240, (1943) ("Where both actual and punitive damages are recoverable under a

15  complaint each must be considered to the extent claimed in determining jurisdictional amount.")

16  (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) *cert. denied*,

17  459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional

18  amount).

19         11.    Because Plaintiff and Petitioner/Defendant are citizens of different states,

20  and because the Court may disregard the citizenship of the Doe defendants, there is complete

21  diversity between the parties. Further, because there is complete diversity and because the

22  amount in controversy threshold is met, the requirements for removal under 28 U.S.C. Sections

23  1332(a) and 1441(a) are satisfied.

24

25

26

27

28

1    WHEREFORE, Petitioner/Defendant hereby removes the above-entitled action

2    now pending before the Superior Court of the State of California for the County of San Diego to

3    this Court.

4    DATED: February 21, 2008          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        RAYMOND W. BERTRAND
5                                       CATHERINE E. CAOUETTE

6

7    By: _____
                    RAYMOND W. BERTRAND
8
     Attorneys for Defendant
9    MOTHERS WORK, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss:
CITY AND COUNTY OF SAN DIEGO )

I am employed in the City and County of San Diego, State of California. I am over the age of 18, and not a party to the within action. My business address is 3579 Valley Centre Drive, San Diego, California 92130.

On February 21, 2008, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **VIA OVERNIGHT MAIL:**
VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on February 21, 2008 with postage thereon fully prepaid, at San Diego, California.

☐ **BY PERSONAL SERVICE:**
I caused the envelope(s) to be delivered by hand to the addressee(s) noted above. I delivered to an authorized courier or driver to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on February 21, 2008, at San Diego, California.

_____
Judy Johns

LEGAL_US_W # 58076163.1

PROOF OF SERVICE

1

**SERVICE LIST**

2  David Rosenberg, Esq.    **VIA U.S. MAIL**
  Annette Farnaes, Esq.
3  Rosenberg, Shpall & Associates
  Wells Fargo Plaza
4  401 "B" Street
  Suite 2209
5  San Diego, CA 92101
  Tel.: (619) 232-1826
6  Fax: (619) 232-1859
  Attorneys for Plaintiff
7  Wislawa B. Rosenblum

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58076163.1

PROOF OF SERVICE

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

TO:     Ronald J Masciantonio
        Mothers Work, Inc.
        456 North 5th Street
        Philadelphia, PA 19123

RE:     **Process Served in California**

FOR:    Mothers Work, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wislawa B. Rosenblum, Pltf. vs. Mothers Work, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit, Cover Sheet, Notice(s), Stipulation Form |
| **COURT/AGENCY:** | San Diego County, San Diego, Superior Court, CA<br>Case # 37200800076083CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Discrimination on the basis of age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/25/2008 at 14:13 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | David Rosenberg<br>Rosenberg, Shpall & Associates, APLC<br>401 "B" Street<br>Suite 2209<br>San Diego, CA 92101<br>619-232-1826 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 791486302620 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MOTHERS WORK, INC., a Delaware Corporation, and DOES
1 through 30, inclusive

```
                                    FOR COURT USE ONLY
                                   (SOLO PARA USO DE LA CORTE)

                                   FILED
                             San Diego Superior Court
                                   JAN 17 2008
                             Clerk of the Superior Court
                             By    A. Fletes
```

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WISLAWA B. ROSENBLUM

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>330 W. Broadway<br>San Diego, California  92101 | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00076083-CU-WT-CTL |

Central Division
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Rosenberg, SBN 99105              (619) 232-1826   (619) 232-1859
ROSENBERG, SHPALL & ASSOCIATES, APLC
401 "B" Street, Suite 2209
San Diego, California  92101

| DATE:<br>*(Fecha)* JAN 17 2008 | Clerk, by    A. Fletes<br>*(Secretario)*  A. Fletes | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Mothers Work, Inc., a Delaware Corpu-

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
ⓇPlus

Code of Civil Procedure §§ 412.20, 465

1   DAVID ROSENBERG, ESQ. (SBN 99105)
    ANNETTE FARNAES, ESQ. (SBN 128701)
2   ROSENBERG, SHPALL & ASSOCIATES
    WELLS FARGO PLAZA
3   401 "B" Street, Suite 2209
    San Diego, California 92101
4   Telephone: (619) 232-1826
    Facsimile: (619) 232-1859
5
                                            37-2008-00076083-CU-WT-CTL
6   Attorneys for Plaintiff, WISLAWA B. ROSENBLUM

7

8                    SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10  WISLAWA B. ROSENBLUM,              )   COMPLAINT FOR DAMAGES FOR:
                                       )
11              Plaintiff,             )   1.  Wrongful termination: retaliation for
                                       )       refusal to participate in unlawful
12  v.                                 )       discrimination FEHA;
                                       )   2.  Employment Discrimination: Disparate
13  MOTHERS WORK, INC., a Delaware     )       Treatment Based on Age- FEHA;
    Corporation, and DOES 1 through 30,)   3.  Wrongful Termination in Violation of
14  inclusive,                         )       Public Policy;
                                       )   4.  Breach of Contract;
15              Defendant.             )   5.  Breach of the Covenant of Good Faith and
                                       )       Fair Dealing;
16                                     )   6.  Negligence;
                                       )   7.  Intentional Infliction of Emotional Distress
17  _____)

18        Plaintiff, WISLAWA B. ROSENBLUM (hereinafter sometimes referred to as "Plaintiff"),

19  alleges as follows:

20        1.      Plaintiff, is and at all times mentioned herein was, an individual who resides in the

21  County of San Diego, California.

22        2.      Plaintiff is informed and believes, and on that basis alleges, that Defendant,

23  MOTHERS WORK, INC. (hereinafter sometimes referred to as "the Company"), is a Delaware

24  Corporation with its headquarters in Philadelphia, Pennsylvania, licensed to conduct business in

25  California and during all times pertinent to this claim doing business within the County of San Diego

26  and still conducting business within the County of San Diego.

27        3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein

28  under the fictitious name DOES 1 through 30, inclusive. Plaintiff is informed and believes that each

1  of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in
2  this complaint.

3       4.     Plaintiff is informed and believes and on that basis alleges, that at all times material
4  to this action, Defendant and each of them, was the agent or employee of each and every other
5  Defendant.  In doing the things alleged in the causes of action into which this paragraph is
6  incorporated by reference each and every Defendant was acting within the course and scope of his
7  agency or employment and was acting with the consent, permission and authorization of each of the
8  remaining Defendants.  All actions of each Defendant alleged in the causes of action into which this
9  paragraph is incorporated by reference were ratified and approved by the officers or managing agents
10 of every other Defendant.

11                                       **I.**

12         **FACTUAL BACKGROUND RELEVANT TO ALL CAUSES OF ACTION**

13      5.     Plaintiff WISLAWA B. ROSENBLUM is 45-years-old.  In July of 1993, Plaintiff was
14 hired by Defendant MOTHERS WORK, INC. for the position of Store Manager.

15      6.     During her 14 years of employment with Mothers Work, Inc., Plaintiff was promoted
16 from Store Manager to District Manager, a position she held from 2002 until her termination in
17 August of 2007.  Plaintiff received pay increases and bonuses on a yearly basis in recognition of her
18 excellent performance throughout her employment and at the end of her employment her annual
19 salary had more than doubled from her beginning salary.

20      7.     Plaintiff received multiple awards during her employment and was nominated
21 "District Manager of the Year" in 2005 and 2006, all in recognition of her excellent performance for
22 the Company.  She was granted stock options in the Company in December of 2005.

23      8.     During Plaintiff's five (5) years as West Coast District Manager for the Company's
24 "Pea in the Pod" Division, her job duties included (but were not limited to) management of ten West
25 Coast stores, recruitment and hiring of staff, training of staff and firing of staff within her district.
26 Plaintiff supervised the merchandising of the stores within her district and also opened and set up
27 new stores and was known as the person to call and depend on, when a problem arose.
28 ///

9.    At all times during Plaintiff's employment she frequently worked between 40 to 70 hours per week, due to the amount of responsibility placed on her and the high volume of tasking.

10.    During the time of Plaintiff's employment, Plaintiff received only outstanding performance reviews and her performance was consistently rated "exceeds requirements".

11.    During her time as a District Manager with responsibilities for hiring and firing personnel for the ten West Coast stores, Plaintiff became aware that the Company's Top Management had a secret discriminating hiring policy which was to give preference to pretty, non-pregnant young white women over African-American women, Hispanic women and pregnant women.

12.    On many occasions, Plaintiff was told that her chosen candidate for a position did not "fit the image" and Plaintiff was specifically told to fire two (2) African American women in 2005, and two (2) more in 2006.

13.    In 2005, Plaintiff was told to fire a Hispanic Store Manager in the Beverly Hills store and was specifically told by then Director Patty Mara that she "did not care about California Law" and that she "did not want all "Hernandez's" in the Beverly Hills store". The Beverly Hills store Manager was then moved to another store with a lower volume.

14.    After the Beverly Hills store Manager was relocated, Plaintiff wanted to hire a prior store manager of African American decent for the Beverly Hills store, but was instructed by the upper management "to find someone with a different image".

15.    In August of 2007, Plaintiff hired a pregnant woman for the Beverly Hills store. Plaintiff went on vacation in September 2007, and when she returned she found that the Company had been spreading false rumors about her work ethics.

16.    On October 3, 2007, Plaintiff met with Alexis Black, Division Director and Scott Gerhard, Vice President, and Plaintiff was asked to answer a series of questions which all implied that her work ethics were questionable. Plaintiff denied all implied accusations, however, at the end of the meeting Plaintiff was informed that she was being suspended immediately and on October 8, 2007, she received verbal notification that she was terminated.

///

17.    Despite her 14 years of loyal service to the Company she was terminated without severance pay and without any stated reason for her termination.

18.    Plaintiff's termination was pre-textual in that the real reason was retaliation for refusing to participate in the Company's continuous violations of State and Federal Law and discriminatory because she was an older employee.

19.    Plaintiff's position was immediately given to a much younger (and cheaper) employee.

20.    By firing Plaintiff due to her rightful refusal to adhere to the Company's illegal and discriminating hiring policy, and because of her age, the Defendants and all of them have caused the Plaintiff damages in form of loss of income and loss of future earnings, emotional distress and relocation costs.

## FIRST CAUSE OF ACTION

## RETALIATION FOR REFUSING TO PARTICIPATE

## IN UNLAWFUL DISCRIMINATION

## (GOVERNMENT CODE §12940 et. al.)

21.    As a first and separate and distinct cause of action Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30 and each of them, and for a cause of action alleges:

22.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 20, as set forth above.

23.    In or about June 2005, and through the end of her employment with the Company, Plaintiff openly opposed the secret discriminating hiring policy in that she hired African American and Hispanics and pregnant women for positions within the company, using their qualifications as the only factor in her selection, all in contrast to the wishes of the upper management, who preferred that she not hire African-Americans or Hispanics or pregnant women, especially for the Beverly Hills store.

24.    On or about August 2007, Plaintiff again opposed the Company's discriminating hiring policy, in that she hired a pregnant woman for the Beverly Hills store.

25.    Immediately after Plaintiff hired a pregnant woman for the Beverly Hills store the Company retaliated against her, by spreading false rumors about her and making false accusations about Plaintiff's work ethics, all in an attempt to make it appear that there was good reason for terminating Plaintiff when in reality there was none.

26.    On October 8, 2007, the Plaintiff was fired without severance pay in retaliation of her protected refusal to adhere to the Company's illegal hiring policy and in violation of her protected right not to participate in violations of the law.

27.    Defendant MOTHERS WORK, INC. retaliated against Plaintiff for refusing to participate in the Company's unlawful conduct and for refusing to participate in such conduct all in violation of Government Code §12940 et al. and Labor Code §1102.

28.    Plaintiff suffered damages legally caused by these Defendants' retaliation as stated in the section below entitled "DAMAGES", which is incorporated here to the extent pertinent as set forth.

## SECOND CAUSE OF ACTION

### DISCRIMINATION / DISPARATE TREATMENT BASED ON AGE

### GOVERNMENT CODE §§12940 and 12941 (FEHA)

29.    As a second and separate and distinct cause of action Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them and for a cause of action alleges:

30.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 28, as set forth above.

31.    Plaintiff, who was 45 years of age at the time of firing, was at all material times an employee covered by the California Fair Employment Housing Act, Government Code §12940, et seq. (FEHA) which expressly prohibits discrimination in employment on the basis of age.

32.    Defendant MOTHERS WORK, INC., was at all material times an employer within the meaning of California Government Code §12926(c) and as such, is barred from discriminating in employment decisions on the basis of age, as set forth in California Government Code §§12940 and 12941.

33.    Defendant MOTHERS WORK, INC, discriminated against Plaintiff in the form of disparate treatment based on age and discharged Plaintiff because of her age, in violation of the California Fair Housing and Employment Act.

34.    Plaintiff filed a charge of Age Discrimination with the California Department of Fair Employment and Housing (DFEH), within one (1) year of her termination. The Department issued Plaintiff a "Right-to Sue Letter" within one (1) year of the filing of this complaint. Plaintiff has exhausted her administrative remedies. A true and correct copy of the "Right to Sue Notice" is attached hereto as Exhibit "A" and is incorporated by this reference as though fully set forth herein.

35.    Plaintiff suffered damages illegally caused by these Defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as set forth.

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

36.    As a third and separate and distinct cause of action Plaintiff complains against Defendant MOTHERS WORK, INC., and DOES 1 through 30, and each of them, and for a cause of action alleges:

37.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 35, as set forth above.

38.    From on or about July of 1993 through October 2007, Defendant MOTHERS WORK, INC. employed Plaintiff in various progressive positions and from January 2002, as West Coast District Manager.

39.    At all times herein mentioned, Plaintiff performed all of her job duties to the full satisfaction of Defendant.

40.    On or about October 2007, Defendants' retaliation and discrimination of Plaintiff culminated in the form of her discharge for alleged reasons that were false, but which reasons were in fact, because of her age, seniority and salary level, and her refusal to follow the secret discriminatory hiring and firing company policy all in violation of public policy of the State of California.

41.    As a result of Defendants' actions in violation of public policy, Plaintiff has suffered and will continue to suffer damages legally caused by the Defendants' conduct as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent, as if set forth herein above.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

42.    As a fourth separate and distinct cause of action, Plaintiff complains against Defendants MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause of action alleges:

43.    Plaintiff incorporates by reference paragraphs 1 through 41, inclusive, as though fully set forth herein.

44.    Plaintiff and Defendants MOTHERS WORK, INC. and DOES 1 through 30, entered into an employment contract on or about July 1993, and during the term of Plaintiff's employment.

45.    The contract was oral, written and implied-in-fact. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as her performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits.

46.    Plaintiff undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by her until prevented by Defendants from further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

47.    On or about October 8, 2007, Defendants MOTHERS WORK, INC. and DOES 1 through 30, breached the oral, written and implied-in-fact employment agreement by discharging Plaintiff without good cause and despite her continued satisfactory performance.

48.    Plaintiff suffered damages legally caused by the breach of contract as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth fully herein.

///

## FIFTH CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

49.     As a fourth and separate and distinct cause of action, Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause of action alleges:

50.     Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 48, as set forth above.

51.     The law imposed duties on Defendants in connection with the employment agreement to act fairly and in good faith towards Plaintiff. Defendants covenanted to give full cooperation to Plaintiff in her performance under the employment agreement and to refrain from any act which would prevent or impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement or which would prevent Plaintiff from receiving the benefits of the employment agreement.

52.     On or about October 8, 2007, Defendants breached these duties imposed by law in connection with the employment agreement, by discharging Plaintiff and denying the employment agreement, without probable cause and in bad faith.

53.     As a result of Defendants' actions in violation of public policy, Plaintiff has suffered and will continue to suffer damages legally caused by the Defendants' conduct as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if fully set forth herein.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE

54.     As a further sixth and separate and distinct cause of action, Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause of action alleges:

55.     Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 53, as set forth above.

///

56.    The Defendant owed Plaintiff the duty not to perform the supervisory responsibilities towards her negligently, not to negligently hire or retain supervisory employees, who would improperly supervise Plaintiff, and not to terminate Plaintiff negligently or allow her to be terminated negligently. The Defendant owed Plaintiff this duty by virtue of the employment relationship with Plaintiff and the nature of that relationship, and by virtue of the representations made to Plaintiff, whereby Plaintiff was placed in a manifestly vulnerable position and by virtue of the agreement not to discharge Plaintiff without good cause.

57.    The employment relationship was intended to benefit Plaintiff, by providing her job security so long as she performed satisfactorily, by providing her with a steady stream of earned income, and by providing her with self-worth and self-confidence deriving her from her work. It was foreseeable, when Plaintiff was induced to enter into the employment relationship and throughout Plaintiff's employment, that negligent performance by any of the Defendants or their agents, of their responsibilities in the employment, would be substantially certain to cause Plaintiff severe injury, both financially and emotionally. Further, the Defendant occupied a position of trust toward Plaintiff, and of superior knowledge, and knew that they occupied such position.

58.    Defendant negligently supervised Plaintiff, by negligently failing to advise her of any deficiency in her performance, by negligently failing to adequately warn her before her termination, by negligently failing to give Plaintiff constructive criticism and assistance to obtain any necessary improvement in her performance, by negligently conducting an investigation into the seriousness of the alleged offense, and by negligently hiring and retaining supervisors, who improperly supervised Plaintiff, and improperly investigated the offense, allegedly made by Plaintiff. This negligent supervision by the Defendant and their agents and their negligent hire and retention of unfit supervisors, breached duties owed to Plaintiff by virtue of the employment agreement, and the nature and genesis of the employment relationship.

59.    Defendant MOTHERS WORK, INC. and DOES 1 through 30, negligently terminated Plaintiff from her employment, by negligently evaluating the seriousness of her alleged offense, by negligently failing to conduct an adequate investigation of her performance and her alleged offense, and by negligently failing to consider their duties towards Plaintiff, by negligently omit to counsel

1    or warn Plaintiff before terminating her, by negligently terminating Plaintiff without good cause, and

2    by negligently hiring and retaining supervisors, who wrongfully terminated, or caused the wrongful

3    termination of Plaintiff's employment.

4         60.    Plaintiff suffered damages legally caused by these Defendants' negligence as stated

5    in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if

6    set forth here in full.

7                          **SEVENTH CAUSE OF ACTION**

8              **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9         61.    As a further seventh and separate and distinct cause of action, Plaintiff complains

10   against Defendant MOTHERS WORK, INC. and DOES 1 through 30 and each of them, and for a

11   cause of action alleges:

12        62.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1

13   through 60, as set forth above.

14        63.    On or about July 1993, Plaintiff accepted employment with Defendant MOTHERS

15   WORK, INC., Plaintiff was assured that she would not be discharged without good cause, and

16   thereafter remained in her employment for more than 14 years in reliance on those assurances.

17        64.    Defendant MOTHERS WORK, INC., was in a position of power over Plaintiff, with

18   the potential to abuse that power.  Plaintiff was in a vulnerable position because of her relative lack

19   of power, because of her reliance on Defendant's assurances and forbearance of the possibility of

20   becoming employed elsewhere, because she had placed her trust in Defendant, because she depended

21   on her employment as the source of income for her own and her family's support, because a

22   wrongful termination of Plaintiff's employment would likely harm Plaintiff's ability to find other

23   employment, and because of the great disparity in bargaining power between Plaintiff and her

24   employer.  Defendants were aware of Plaintiff's vulnerability and the reasons for it.

25        65.    On or about October 8, 2007, Defendant discharged Plaintiff without good cause, and

26   confirmed and ratified the discharge.

27        66.    Defendant's wrongful discharge of Plaintiff and the manner in which they

28   accomplished it was outrageous, in that it was without warning and without proper investigation of

1   any purported reason for the termination and ,was further outrageous in that it was punishment of

2   Plaintiff for her rightful refusal to apply discriminative hiring policies for the stores that she

3   managed, and in that Defendants refused to pay Plaintiff any severance payment and further refused

4   to pay Plaintiff her earned bonus from 2007, and in that Defendants at all times intended to discharge

5   Plaintiff without good cause, in violation of the employment agreement, leaving the Plaintiff without

6   her employment and without the income, sense of self-worth, and security she derived from her

7   employment, and which Defendants knew she derived from her employment.

8       67.    This conduct by Defendants was intended to cause Plaintiff emotional distress or was

9   done with reckless disregard of the probability of causing Plaintiff emotional distress.

10      68.    Plaintiff suffered damages legally caused by these Defendants' negligence as stated

11  in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if

12  set forth here in full.

13                                    **DAMAGES**

14      69.    As a legal result of the conduct by Defendant MOTHERS WORK, INC., of which

15  Plaintiff complains, Plaintiff suffered loss of earnings and other employee benefits. Plaintiff, who

16  is an immigrant of Polish nationality had not obtained a management degree from any school within

17  the United States, but had earned her way to a top-management position within the Company.

18  Plaintiff now has to obtain a business degree in order to secure a compatible position within the retail

19  industry. Plaintiff will seek leave to amend this complaint to state the amount, or will proceed

20  according to proof at trial.

21      70.    At the time Plaintiff entered into the employment agreement and continuing

22  thereafter, all parties to the agreement contemplated, that it was reasonably foreseeable that breach

23  of the agreement would cause Plaintiff to suffer emotional distress. At all times, it was likely, in the

24  ordinary cause of things, that breach of the employment agreement would cause Plaintiff to suffer

25  emotional distress. The terms of the employment agreement related to matters which directly

26  concerned Plaintiff's comfort, happiness and personal welfare, and the Defendants were aware of

27  this at the time they entered into the agreement and continuing thereafter. The subject matter of the

28  employment agreement was such as to directly affect Plaintiff's self-esteem and emotional well-

1    being, and Defendants were aware of this at the time they entered into the agreement, and continuing
2    thereafter.

3        71.    Plaintiff suffered emotional distress as a legal result of the conduct by Defendants of
4    which Plaintiff complains. Plaintiff suffered mental distress, suffering and anguish as a legal result
5    of Defendants' outrageous conduct, reacting to her discharge with humiliation, embarrassment,
6    anger, disappointment and worry, all of which is substantial and enduring. Plaintiff will seek leave
7    to amend this complaint to state the amount or will proceed according to proof at trial.

8        72.    At all materials times, Defendants and each of them, knew that Plaintiff depended on
9    her wages and other employee benefits as a source of earned income. At all material times,
10   Defendants were in a position of power over Plaintiff, with the potential to abuse their power.
11   Plaintiff was in a vulnerable position, because of her relative lack of power, because of her reliance
12   on Defendant's assurances and forbearance of the possibility of becoming employed elsewhere,
13   because she had placed her trust in Defendants, because she depended on her employment for her
14   self-esteem and sense of belonging, because she relied upon her employment as a source of income
15   for her and her family's support, because a wrongful termination of Plaintiff's employment would
16   likely harm Plaintiff's ability to find other employment, and because of the great disparity in
17   bargaining power between Plaintiff and her employer. Defendants were aware of Plaintiff's
18   vulnerability and the reasons for it.

19       73.    Notwithstanding such knowledge, Defendants and each of them acted oppressively,
20   fraudulently and maliciously in willful and conscious disregard of Plaintiff's rights, and with the
21   intention of causing, or in reckless disregard of the probability of causing, injury and emotional
22   distress to the Plaintiff. Further, Defendant was informed of the oppressive fraudulent and malicious
23   conduct of their employees, agents and subordinates and ratified, approved and authorized their
24   conduct. The foregoing conduct of Defendants and each of them was intentional willful and
25   malicious, and Plaintiff is entitled to punitive damages in an amount to conform to proof. Plaintiff
26   is also entitled to attorney's fees and costs pursuant to California Labor Code §218.5.

27   ///
28   ///

-12-
*Complaint for Damages*

Ex. A
Page 18

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them as follows:

      1.    For money judgment representing compensatory damages including lost wages, earnings, overtime, earned bonuses, retirement benefits and other employee benefits and all other sums of money for work performed, together with interest on these amounts according to proof;

      2.    For the costs associated with obtaining a business degree in the United States;

      3.    For necessary costs incurred as result of termination;

      4.    For money judgment for mental pain and anguish and emotional distress, according to proof.

      5.    For an award of punitive damages according to proof;

      6.    For costs of suit and attorney's fees;

      7.    For prejudgment of post judgment interest;

      8.    For any other relief that is just and proper;

      9.    For attorney's fees pursuant to Code of Civil Procedure § 1021.5 and Government Code §12965(b).

Respectfully Submitted:

ROSENBERG, SHPALL & ASSOCIATES, APLC

Dated: January 15th, 2008      By

ANNETTE FARNAES, Esquire
Attorney for Plaintiff
WISLAWA ROSENBLUM

EXHIBIT "A"

RECEIVED NOV 1 9 2007

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                              ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov

November 9, 2007

WISLAWA B. ROSENBLUM
7142 B Calabria Court
San Diego, CA 92122

RE:  E200708D0608-00-rc
     ROSENBLUM/MOTHERS WORK, INC.

Dear WISLAWA B. ROSENBLUM:

### NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair
Employment and Housing on 11/1/2007 pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq.  Also enclosed is a copy of your client's
Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the
complaint** on respondent(s). You should also enclose a copy of the Notice of Case Closure
along with the complaint.  These documents must be served within **60 days** of the filing date of
the complaint.  Government Code section 12962(b) further provides that complaints must be
served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the
conditions for filing a private lawsuit in the State of California.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator

Enclosure:   Complaint of Discrimination
             Notice of Case Closure

DFEH-200-06 (01/05)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES     ICY                                          ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov



November 9, 2007


WISLAWA B. ROSENBLUM
7142 B Calabria Court
San Diego, CA 92122


RE:    E200708D0608-00-rc
       ROSENBLUM/MOTHERS WORK, INC.


Dear WISLAWA B. ROSENBLUM:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective
November 1, 2007 because an immediate right-to-sue notice was requested.  DFEH will take no
further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment and
Housing Act against the person, employer, labor organization or employment agency named in
the above-referenced complaint.  The civil action must be filed within one year from the date of
this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH
*Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator

cc:    Case File

Director
Human Resources/Personnel
MOTHERS WORK, INC.
456 North 5th Street
Philadelphia, PA  19123

DFEH-200-43 (06/06)

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state Bar number, and address):
Annette Farnaes, SBN 128701
David Rosenberg, SBN 99105
ROSENBERG, SHPALL & ASSOCIATES, APLC
401 "B" Street, Suite 2209
San Diego, California 92101
TELEPHONE NO.: (619) 232-1826    FAX NO.: (619) 232-1859
ATTORNEY FOR (Name): WISLAWA B. ROSENBLUM

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

CASE NAME: ROSENBLUM V. MOTHERS WORK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter □ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2008-00076063-CU-WT-CTL |
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Asbestos (04)
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
□ Business tort/unfair business practice (07)
□ Civil rights (08)
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
□ Professional negligence (25)
□ Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
□ Other employment (15)

**Contract**
□ Breach of contract/warranty (06)
□ Rule 3.740 collections (09)
□ Other collections (09)
□ Insurance coverage (18)
□ Other contract (37)
**Real Property**
□ Eminent domain/inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)
**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)
**Judicial Review**
□ Asset forfeiture (05)
□ Petition re: arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
□ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition (not specified above) (43)

2. This case □ is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. □ Large number of separately represented parties    d. □ Large number of witnesses
b. □ Extensive motion practice raising difficult or novel    e. □ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
c. □ Substantial amount of documentary evidence    f. □ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary    b. □ nonmonetary; declaratory or injunctive relief    c. [X] punitive
4. Number of causes of action (specify): SEVEN (7)
5. This case □ is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: January 15, 2008

Annette Farnaes, SBN 128701
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10

Ex. A
Page 24

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:        330 West Broadway
MAILING ADDRESS:       330 West Broadway
CITY AND ZIP CODE:     San Diego, CA 92101
BRANCH NAME:           Central
TELEPHONE NUMBER:      (619) 685-6058

PLAINTIFF(S) / PETITIONER(S):    Wislawa Rosenblum

DEFENDANT(S) / RESPONDENT(S):    Mothers Work Inc., a Delaware Corp.

ROSENBLUM VS. MOTHERS WORK INC., A DELAWARE CORP.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00076083-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                    Department: C-61

COMPLAINT/PETITION FILED: 01/17/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00076083-CU-WT-CTL    CASE TITLE: Rosenblum vs. Mothers Work Inc., a Delaware Corp.

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the current payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:   330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827 | |
| BRANCH NAME:   Central | |

PLAINTIFF(S):   Wisława Rosenblum

DEFENDANT(S):  Mothers Work Inc., a Delaware Corp.

SHORT TITLE:   ROSENBLUM VS. MOTHERS WORK INC., A DELAWARE CORP.

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00076083-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                    Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                               Name of Defendant

_____          _____
Signature                                       Signature

_____          _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____          _____
Signature                                       Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 01/17/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page: 1

# EXHIBIT B

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 FEB 19 P 4:06

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    RAYMOND W. BERTRAND (SB# 220771)
2   raymondbertrand@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA 92130
    Telephone: (858) 720-2500
5   Facsimile: (858) 720-2555

6   Attorneys for Defendant
    MOTHERS WORK, INC.
7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     CITY AND COUNTY OF SAN DIEGO

10

11  WISLAWA B. ROSENBLUM,                    CASE NO. 37-2008-00076083-CU-WT-CTL

12              Plaintiff,                   ANSWER TO COMPLAINT

13         vs.                               FILE BY FAX

14  MOTHERS WORK, INC., a Delaware
    Corporation, and DOES 1 through 30,
15  inclusive,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58059176.1

                    ANSWER TO COMPLAINT

1        COMES NOW Defendant Mothers Work, Inc., and answers the following

2 unverified Complaint filed in the above-entitled action ("Complaint") as follows:

3        Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

4 Defendant denies, generally and specifically, each and every allegation in the Complaint, and

5 further denies that Plaintiff has been damaged in the sum or sums alleged, or in any sum, or at all,

6 or is entitled to any of the relief requested therein, including without limitation, general,

7 compensatory, punitive and other-damages, by reason of any act or omission on the part of

8 Defendants, their agents, servants, employees or representatives.

9                FIRST AFFIRMATIVE DEFENSE

10        1.     The Complaint, and each and every purported cause of action contained

11 therein, does not state facts sufficient to constitute a cause of action.

12                SECOND AFFIRMATIVE DEFENSE

13        2.     Plaintiff was an employee of Defendant, which employment did not have a

14 specified term and could be terminated at the will of either party upon notice to the other.

15                THIRD AFFIRMATIVE DEFENSE

16        3.     The Complaint, and each of the purported causes of action is barred by the

17 applicable statute of limitations, including but not limited to, CAL. GOV'T CODE § 12960 and

18 CAL. CODE CIV. PROC. §§ 335.1, 337, and 339.

19                FOURTH AFFIRMATIVE DEFENSE

20        4.     The Complaint, and each of the purported causes of action, is barred in

21 whole or in part by Plaintiff's failure to exhaust all internal grievance procedures and

22 administrative remedies.

23                FIFTH AFFIRMATIVE DEFENSE

24        5.     Plaintiff is estopped, in whole or in part, from asserting claims/cause of

25 action alleged in the Complaint by reason of her own acts and/or omissions.

26                SIXTH AFFIRMATIVE DEFENSE

27        6.     The Complaint, and each cause of action alleged therein, is barred by the

28 doctrine of waiver.

SEVENTH AFFIRMATIVE DEFENSE

7.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

EIGHTH AFFIRMATIVE DEFENSE

8.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

NINTH AFFIRMATIVE DEFENSE

9.    The Complaint, and each purported cause of action alleged therein, fails because Plaintiff did not satisfy and/or breached her statutory obligations as provided in the California Labor Code. CAL. LAB. CODE § 2856.

TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims are barred by the exclusive remedy of Workers' Compensation, CAL. LAB. CODE § 3600 *et seq.*

ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff has failed to properly mitigate the damages claimed to have been sustained by reason of the conduct of Defendant.

TWELFTH AFFIRMATIVE DEFENSE

12.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

THIRTEENTH AFFIRMATIVE DEFENSE

13.    The Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly harassing, discriminatory and retaliatory behavior, if any.

FOURTEENTH AFFIRMATIVE DEFENSE

14.    The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by

LEGAL_US_W # 58059176.1                          -3-

1  Defendant or to avoid harm otherwise.

2  <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

3       15.    The Complaint is barred, in whole or in part, because Plaintiff failed to

4  notify the appropriate management personnel of the allegedly improper conduct which forms the

5  basis of the Complaint.

6  <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

7       16.   To the extent that Plaintiff makes allegations or claims with respect to a

8  time period more than one year prior to the date on which Plaintiff allegedly filed a complaint

9  with the California Department of Fair Employment and Housing ("DFEH"), or which were not

10  made the subject of a timely DFEH and/or EEOC complaint, the Court lacks jurisdiction with

11  respect to any such allegations or claims. CAL. GOV'T CODE §§ 12900 *et seq.*

12  <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

13       17.    The first purported cause of action for breach of implied contract fails to

14  state facts sufficient to constitute a cause of action because Plaintiff's employment was

15  terminable at the will of either party to the employment relationship, with or without cause, so

16  that Plaintiff has no claim for relief based upon the termination of her employment. CAL. LAB.

17  CODE § 2922.

18  <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

19       18.    The fourth purported cause of action for breach of implied contract fails to

20  state facts sufficient to constitute a cause of action because, to the extent good cause determinate

21  was required, any decision made by Defendant with respect to Plaintiff's employment was based

22  upon good cause.

23  <u>NINTEENTH AFFIRMATIVE DEFENSE</u>

24       19.    The fourth purported cause of action for breach of implied contract fails to

25  state facts sufficient to constitute a cause of action because at the time Defendant made the

26  decision to terminate Plaintiff's employment, Defendant was acting reasonably and in good faith.

27  <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

28       20.    The fourth purported cause of action for breach of implied contract is

1  barred because the alleged contract of employment between Plaintiff and Defendant, if any, is

2  vague and uncertain and therefore unenforceable.

3  TWENTY-FIRST AFFIRMATIVE DEFENSE

4    21.    To the extent that there was a contract between the parties, which

5  Defendant expressly denies, Plaintiff's claims are barred by the statute of frauds.

6  TWENTY-SECOND AFFIRMATIVE DEFENSE

7    22.    The actions of Defendant and its agents, servants, employees or

8  representatives, as alleged in the Complaint, were work-related and consistent with the doctrine of

9  business necessity and were within Defendant's reasonable business judgment.

10  TWENTY-THIRD AFFIRMATIVE DEFENSE

11    23.    Defendant cannot be liable for punitive or exemplary damages because no

12  officer, director or managing agent of the corporation (a) personally engaged in oppression, fraud

13  or malice; (b) had advanced knowledge of the unfitness of any employee who engaged in

14  oppression, fraud or malice and employed that employee with a conscious disregard of the rights

15  and safety of others; or (c) authorized or ratified any employee to engage in oppression, fraud or

16  malice. CAL. CIV. CODE § 3294. Defendant also cannot be liable for punitive or exemplary

17  damages as prayed for in the Complaint, and any allegations with respect thereto should be

18  stricken, because California's laws regarding the alleged conduct in question in this action are too

19  vague to permit the imposition of punitive damages, and because any aware of punitive or

20  exemplary damages under California law in general, and/or any such award under California law

21  as applied to the facts in this case, would violate Defendant's constitutional rights under

22  provisions of the United States and California Constitutions, including, but not limited to, the due

23  process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and

24  the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the

25  United States Constitution.

26  TWENTY-FOURTH AFFIRMATIVE DEFENSE

27    24.    The Complaint, and each purported cause of action alleged therein, fails to

28  state facts sufficient for the imposition of punitive damages in any sum whatsoever against

LEGAL_US_W # 58059176.1                    -5-

1  Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

3    25.    Plaintiff's claim for punitive damages is barred by the United States and
4  California Constitutions, including, without limitation, the due process rights thereunder of
5  Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

6

7    26.    The Complaint, and each purported cause of action alleged therein, is
8  barred, in whole or in part, by the after-acquired-evidence doctrine to the extent, after the alleged
9  termination of Plaintiff's employment, Defendant learned of Plaintiff's wrongful conduct during
10  her employment that would have resulted in her alleged termination.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

11

12    27.    Plaintiff is barred from recovering punitive damages because Defendant
13  had in place a policy to prevent discrimination, harassment and retaliation in its workplace and
14  made good faith efforts to implement and enforce that policy.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

15

16    28.    The Complaint, and each purported cause of action alleged therein, is
17  barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

18

19    29.    Plaintiff is not entitled to collect pre-judgment interest in this matter
20  because she is not entitled to recover any damages.

21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28    ///

1    WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her

2 Complaint herein, for costs of suit and reasonable attorneys' fees, and for such other and further

3 relief as the court deems proper.

4 DATED: February 19, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                  RAYMOND W. BERTRAND
5                                 CATHERINE E. CAOUETTE

6

7                                 By: _____
                                            RAYMOND W. BERTRAND
8

9                                 Attorneys for Defendant
                                  MOTHERS WORK, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA        )
                                   ) ss:

3  CITY AND COUNTY OF SAN DIEGO  )

4          I am employed in the City and County of San Diego, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 3579 Valley

5  Centre Drive, San Diego, California  92130.

6          On February 19, 2008, I served the foregoing document(s) described as:

7  ### ANSWER TO COMPLAINT

8  on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

9

### SEE ATTACHED SERVICE LIST

10

11      ☐    **VIA OVERNIGHT MAIL:**

12  VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the

13  express service courier addressed to the person(s) on whom it is to be served.

    ☒    **VIA U.S. MAIL:**

14  I am readily familiar with the firm's practice of collection and processing of

15  correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on February 19, 2008 with postage thereon

16  fully prepaid, at San Diego, California.

    ☐    **BY PERSONAL SERVICE:**

17  I caused the envelope(s) to be delivered by hand to the addressee(s) noted above.  I delivered to an authorized courier or driver to be delivered on the same date.  A

18  proof of service signed by the authorized courier will be filed with the court upon request.

19

20          I declare under penalty of perjury under the laws of the State of California that the

21  above is true and correct.

22

23          Executed on February 19, 2008, at San Diego, California.

24

25                                      _____

26                                          Judy Miller

27

28

1

## SERVICE LIST

2    David Rosenberg, Esq.              VIA U.S. MAIL
     Annette Farnaes, Esq.
3    Rosenberg, Shpall & Associates
     Wells Fargo Plaza
4    401 "B" Street
     Suite 2209
5    San Diego, CA  92101
     Tel.: (619) 232-1826
6    Fax: (619) 232-1859
     Attorneys for Plaintiff
7    Wislawa B. Rosenblum

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58233554.1

PROOF OF SERVICE

Ex. B
Page 37

# EXHIBIT C

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    RAYMOND W. BERTRAND (SB# 220771)
2   raymondbertrand@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA. 92130
    Telephone: (858) 720-2500
5   Facsimile: (858) 720-2555

6   Attorneys for Defendant
    MOTHERS WORK, INC.

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11   WISLAWA B. ROSENBLUM,       CASE NO. 37-2008-00076083-CU-WT-CTL

12         Plaintiff,        **NOTICE TO ADVERSE PARTY OF**
                          **REMOVAL OF CIVIL ACTION TO**
13       vs.                **FEDERAL COURT BY DEFENDANT**
                          **MOTHERS WORK, INC.**
14   MOTHERS WORK, INC., a Delaware
    Corporation, and DOES 1 through 30,
15   inclusive,             Judge:   Hon. John S. Meyer
                        Dept.:   C-61
16         Defendant.
                        Complaint Filed:   January 17, 2008
17                         Trial Date:     None Set

18

19

20

21

22

23

24

25

26

27                                   Ex. C
                                  Page 38
28

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
MOTHERS WORK, INC.

1    TO PLAINTIFF WISLAWA B. ROSENBLUM AND HER ATTORNEYS OF

2    RECORD DAVID ROSENBERG AND ANNETTE FARNAES OF THE LAW FIRM OF

3    ROSENBERG, SHPALL & ASSOCIATES:

4        PLEASE TAKE NOTICE THAT on February 21, 2008, Defendant Mothers Work,

5    Inc. filed in the United States District Court for the Southern District of California a Notice of

6    Removal of Civil Action. Attached to this notice as Exhibit "A" is a true and correct copy of the

7    Notice of Removal, the filing of which effects the removal of this action to the United States

8    District Court.

9

10   DATED: February _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        RAYMOND W. BERTRAND
11                                      CATHERINE E. CAOUETTE

12

13                                      By:_____
                                               RAYMOND W. BERTRAND
14

15                                      Attorneys for Defendant
                                        MOTHERS WORK, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
                                    MOTHERS WORK, INC.

# EXHIBIT D

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     RAYMOND W. BERTRAND (SB# 220771)
2    raymondbertrand@paulhastings.com
     CATHERINE E. CAOUETTE (SB# 234714)
3    catherinecaouette@paulhastings.com
     3579 Valley Centre Drive
4    San Diego, CA 92130
     Telephone: (858) 720-2500
5    Facsimile: (858) 720-2555

6    Attorneys for Defendant
     MOTHERS WORK, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11   WISLAWA B. ROSENBLUM,                 CASE NO. 37-2008-00076083-CU-WT-CTL

12              Plaintiff,                 **NOTICE TO SUPERIOR COURT OF
                                           REMOVAL OF CIVIL ACTION TO
13         vs.                             FEDERAL COURT BY DEFENDANT
                                           MOTHERS WORK, INC.**
14   MOTHERS WORK, INC., a Delaware
     Corporation, and DOES 1 through 30,
15   inclusive,                            Judge:    Hon. John S. Meyer
                                           Dept.:    C-61
16              Defendant.
                                           Complaint Filed:   January 17, 2008
17                                         Trial Date:        None Set

18

19

20

21

22

23

24

25

26

27                                                             Ex. D
                                                               Page 40
28
     LEGAL_US_W # 58242246.1

     ──────────────────────────────────────────────────────
     NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY
                      DEFENDANT MOTHERS WORK, INC.

1             TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF

2 CALIFORNIA FOR THE COUNTY OF SAN DIEGO:

3            Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

4 of Civil Action to the United States District Court, the original of which was filed with the United

5 States District Court for the Southern District of California on February 21, 2008.

7 DATED: February _____, 2008      PAUL, HASTINGS, JANOFSKY & WALKER LLP

8                             RAYMOND W. BERTRAND
                            CATHERINE E. CAOUETTE

10                    By:_____

11                            RAYMOND W. BERTRAND

12                  Attorneys for Defendant
                 MOTHERS WORK, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA                          )
                                             ) ss:
CITY AND COUNTY OF SAN DIEGO                 )

      I am employed in the City and County of San Diego, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 3579 Valley Centre Drive, San Diego, California  92130.

      On February 21, 2008, I served the foregoing document(s) described as:

**DECLARATION OF CATHERINE CAOUETTE IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐    **VIA OVERNIGHT MAIL:**

    VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒    **VIA U.S. MAIL:**

    I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on February 21, 2008 with postage thereon fully prepaid, at San Diego, California.

☐    **BY PERSONAL SERVICE:**

    I caused the envelope(s) to be delivered by hand to the addressee(s) noted above.  I delivered to an authorized courier or driver to be delivered on the same date.  A proof of service signed by the authorized courier will be filed with the court upon request.

      I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

      Executed on February 21, 2008, at San Diego, California.

_____
Judy Johns

LEGAL_US_W # 58076163.1

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

David Rosenberg, Esq.                    **VIA U.S. MAIL**
Annette Farnaes, Esq.
Rosenberg, Shpall & Associates
Wells Fargo Plaza
401 "B" Street
Suite 2209
San Diego, CA  92101
Tel.:  (619) 232-1826
Fax:  (619) 232-1859
Attorneys for Plaintiff
Wislawa B. Rosenblum

LEGAL_US_W # 58076163.1

PROOF OF SERVICE

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    RAYMOND W. BERTRAND (SB# 220771)
2   raymondbertrand@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA 92130
    Telephone: (858) 720-2500
5   Facsimile: (858) 720-2555

6   Attorneys for Defendant
    MOTHERS WORK, INC.

7

8                   UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  WISLAWA B. ROSENBLUM,                Case No. _____

12              Plaintiff,               (San Diego County Superior Court
                                         Case No. 37-2008-00076083-CU-WT-CTL)
13         vs.
                                         **DECLARATION OF CATHERINE**
14  MOTHERS WORK, INC., a Delaware       **CAOUETTE IN SUPPORT OF NOTICE OF**
    Corporation, and DOES 1 through 30,  **REMOVAL OF CIVIL ACTION TO**
15  inclusive,                           **FEDERAL COURT**

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58062017.1

1    I, Catherine Caouette, declare and state as follows:

2    1.    I am an attorney licensed by the Bar of the State of California, and I am

3    admitted to practice before this Court. I am an Associate with the law firm of Paul, Hastings,

4    Janofsky & Walker LLP, counsel of record for Defendant MOTHERS WORK, INC.

5    ("Petitioner/Defendant") in this action, and I am one of the attorneys responsible for the defense

6    of this action. Except as otherwise indicated, I have personal knowledge of the facts set forth in

7    this Declaration and, if called to testify under oath, could and would testify competently thereto.

8    2.    On January 25, 2008, Petitioner/Defendant (via their agent for process, CT

9    Corporation System) was served with a Complaint, apparently filed by Plaintiff WISLAWA

10    ROSENBLUM on January 17, 2008, in the Superior Court of the State of California for the

11    County of San Diego. The Complaint is entitled *WISLAWA B. ROSENBLUM, Plaintiff, v.*

12    *MOTHERS WORK, INC., a Delaware Corporation, and DOES 1 through 30, inclusive,*

13    *Defendant,* and designated as Case No. 37-2008-00076083-CU-WT-CTL. A true and correct

14    copy of the Complaint and Service of Process Transmittal in the form received by

15    Petitioner/Defendant on January 25, 2008, is attached hereto as Exhibit A. This copy is the first

16    and only pleading received by Petitioner/Defendant through service or otherwise.

17    3.    On February 19, 2008, Petitioner/Defendant filed and served their Answer

18    to Plaintiff's Complaint. A true and correct copy of the Answer is attached hereto as Exhibit B.

19    4.    I am informed and believe that Plaintiff is now, and was at the time this

20    action commenced, a citizen of the State of California within the meaning of 28 U.S.C. Section

21    1332(a), because her place of residence is within the State of California. Plaintiff was until

22    recently an employee of Petitioner/Defendant Mothers Work, Inc. and supplied it with an address

23    located in the State of California. Plaintiff stated in her Complaint that she resides in San Diego

24    County, California. *See* Exhibit A at ¶ 1.

25    5.    I am informed and believe and that Petitioner/Defendant Mothers Work,

26    Inc. was at the time this action was commenced, a citizen of the State of Delaware and the

27    Commonwealth of Pennsylvania within the meaning of 28 U.S.C. Section 1332(c)(1), because it

28    is now and was at all material times incorporated under the laws of the State of Delaware, and

1   maintains, and at all material times maintained, its principal place of business in the

2   Commonwealth of Pennsylvania.

3            6.      In this action, Plaintiff asserts seven causes of action: wrongful

4   termination: retaliation for refusal to participate in unlawful discrimination FEHA; employment

5   discrimination: disparate treatment based on age-FEHA; wrongful termination in violation of

6   public policy; breach of contract; breach of the covenant of good faith and fair dealing;

7   negligence; intentional infliction of emotional distress.  I am informed and believe that Plaintiff's

8   remuneration for 2007 was in excess of $75,000.  Plaintiff seeks "compensatory damages

9   including lost wages, earnings, overtime, earned bonuses, retirement benefits and other employee

10  benefits."  She also seeks the cost of obtaining a business degree, emotional distress damages, and

11  punitive damages.  Finally, Plaintiff seeks an award of attorneys' fees.  That the amount in

12  controversy exceeds $75,000 is not in dispute.

13           7.      True and correct copies of Defendants' Notice to Adverse Party of

14  Removal and Defendant's Notice to Superior Court of Removal of Civil Action to Federal Court

15  are attached hereto as Exhibits C and D, respectively.  Pursuant to 28 U.S.C. § 1446(d), promptly

16  after filing this Notice of Removal, Defendant will serve a written Notice of Removal to the

17  adverse party and file a copy of this Notice of Removal to the United States District Court for the

18  Southern District of California with the Clerk of the Superior Court of the State of California for

19  the County of San Diego.  Proofs of service of these Notices will be filed with this Court shortly

20  after the Superior Court filing and service upon the adverse party are accomplished.

21           I declare under penalty of perjury under the laws of the United States of America

22  and the State of California that the foregoing is true and correct.  Executed this **21** day of

23  February, 2008, in San Diego, California.

24

25                              _____
                                Catherine Caouette

26

27

28

LEGAL_US_W # 58062017.1                          -3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CASE NO. _____

TABLE OF CONTENTS TO EXHIBITS TO
DECLARATION OF CATHERINE CAOUETTE IN SUPPORT OF
MOTHERS WORK, INC.'S NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

| Exhibit | Page(s) | Description |
|---|---|---|
| A | 5-28 | Plaintiff's Complaint |
| B | 29-37 | Defendant's Answer to Plaintiff's Complaint |
| C | 38-39 | Notice to Adverse Party of Removal of Civil Action to Federal Court by Defendant Mothers Work, Inc. |
| D | 40-41 | Notice to Superior Court of Removal of Civil Action to Federal Court by Defendant Mothers Work, Inc. |



1   RAYMOND W. BERTRAND (SB# 220771)  raymondbertrand@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)  catherinecaouette@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    3579 Valley Centre Drive
3   San Diego, CA  92130
    Telephone:  (858) 720-2500
4   Facsimile:  (858) 720-2555

5   Attorneys for Defendant
    MOTHERS WORK, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  WISLAWA B. ROSENBLUM,                   CASE NO. 08 CV 0340 JLS (RBB)

12              Plaintiff,                  **AMENDED NOTICE OF REMOVAL OF
                                            CIVIL ACTION TO FEDERAL COURT;**
13         vs.                              **AMENDED DECLARATION OF
                                            CATHERINE CAOUETTE**
14  MOTHERS WORK, INC., a Delaware
    Corporation, and DOES 1 through 30,
15  inclusive,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58256666.1                          CASE NO. 08 CV 0340 JLS (RBB)

1    TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2    SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF WISLAWA B. ROSENBLUM AND

3    TO HER ATTORNEY OF RECORD, DAVID ROSENBERG, ESQ.:

4            PLEASE TAKE NOTICE THAT Defendant Mothers Work, Inc.

5    ("Petitioner/Defendant") hereby removes this action from the Superior Court of the State

6    California for the County of San Diego to the United States District Court for the Southern

7    District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C.

8    Sections 1332 and 1441(a). The facts that entitle Petitioner/Defendant to so remove this action

9    are as follows:

10           1.      On or about January 17, 2008, plaintiff Wislawa B. Rosenblum

11   ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of

12   San Diego entitled: *"WISLAWA B. ROSENBLUM, Plaintiff, v. MOTHERS WORK, INC., a*

13   *Delaware Corporation, and DOES 1 through 30, inclusive, Defendant,"* designated as Case No.

14   37-2008-00076083-CU-WT-CTL. The Complaint alleges the following seven purported causes

15   of action against Petitioner/Defendant: (1) wrongful termination: retaliation for refusal to

16   participate in unlawful discrimination FEHA; (2) employment discrimination: disparate

17   treatment based on age-FEHA; (3) wrongful termination in violation of public policy; (4) breach

18   of contract; (5) breach of the covenant of good faith and fair dealing; (6) negligence; and (7)

19   intentional infliction of emotional distress. A copy of the Summons and Complaint are attached

20   as Exhibit "A" to the Declaration of Catherine Caouette ("Caouette Decl."), attached hereto.

21           2.      On or about January 25, 2008, Plaintiff, through her counsel, caused a copy

22   of the Summons and Complaint to be served on Petitioner/Defendant. *See* Caouette Decl., ¶ 2.

23   The Complaint is the initial pleading setting forth the claim for relief upon which this action is

24   based and may be removed. No other initial pleadings were received by Petitioner/Defendant

25   prior to January 25, 2008. Accordingly, this Notice of Removal is being filed within thirty (30)

26   days after receipt by Petitioner/Defendant of the initial pleading and is timely filed pursuant to 28

27   U.S.C. Section 1446(b).

28

1       3.      Petitioner/Defendant filed and served their Answer to Plaintiff's Complaint

2   on February 19, 2008. *See* Caouette Decl., ¶ 3, and Ex. B, thereto.

3       4.      Notice of this removal is being given to both the adverse party and the

4   State Court pursuant to 28 U.S.C. Section 1446(d). *See* Caouette Decl., ¶ 4 and Exhibits C and D

5   attached thereto. Exhibits A – D constitute all process, pleadings and orders served on or by

6   Petitioner/Defendant in this action. *See* Caouette Decl., ¶ 4.

7       5.      The Complaint, and each alleged cause of action contained therein, may be

8   properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action

9   between citizens of different states and the matter in controversy exceeds the sum of $75,000,

10  exclusive of interest and costs. 28 U.S.C. § 1332.

11      (a)     Petitioner/Defendant is informed and believes, and on that basis

12  alleges, that Plaintiff is now, and was at the time this action was commenced, a citizen of the

13  State of California within the meaning of 28 U.S.C. Section 1332(a), because her place of

14  residence and domicile is and was within the State of California. *See* Complaint ¶ 1 (alleging that

15  Plaintiff is currently and at all times mentioned herein, a resident of San Diego County).

16      (b)     Petitioner/Defendant is now, and was at the time this action was

17  commenced, a citizen of the State of Delaware and the Commonwealth of Pennsylvania within

18  the meaning of 28 U.S.C. Section 1332(c)(1), because it is now and was at all material times

19  incorporated under the laws of the State of Delaware, and maintains, and at all material times

20  maintained, its principal place of business in the Commonwealth of Pennsylvania. *See* Caouette

21  Decl., ¶ 6.

22      (c)     The presence of Doe defendants has no bearing on diversity with

23  respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the

24  citizenship of defendants sued under a fictitious name shall be disregarded.").

25      6.      Plaintiff's Complaint seeks an unspecified amount of general, special, and

26  punitive damages, and costs and attorneys' fees, in connection with the cause of action set forth in

27  her Complaint. *See* Complaint, page 13. Plaintiff's failure to specify in her Complaint the

28  amount of damages she seeks does not deprive this Court of jurisdiction. *See White v. J.C.*

1    *Penney Life Ins. Co.,* 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove a suit to

2    federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in

3    controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining

4    . . . to place a specific dollar value upon its claim."). Based on the nature of the allegations,

5    Plaintiff's previous level of compensation and the multiple penalties and damages sought,

6    Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of costs and interests.

7    *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (plaintiff's claim for compensatory and

8    punitive damages, including emotional distress, was facially in excess of $75,000). *See* Caouette

9    Decl., ¶ 7.

10           7.        In determining whether a complaint meets the $75,000 threshold of 28

11    U.S.C. Section 1332(a), a court may consider the aggregate value of claims for compensatory and

12    punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Assurance Soc'y,*

13    320 U.S. 238, 240, (1943) ("Where both actual and punitive damages are recoverable under a

14    complaint each must be considered to the extent claimed in determining jurisdictional amount.")

15    (footnote omitted); *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) *cert. denied,*

16    459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional

17    amount).

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1          8.      Because Plaintiff and Petitioner/Defendant are citizens of different states,

2  and because the Court may disregard the citizenship of Doe defendants, there is complete

3  diversity between the parties. Further, because there is complete diversity and because the

4  amount in controversy threshold is met, the requirements for removal under 28 U.S.C.

5  Sections 1332(a) and 1441(a) are satisfied.

6          WHEREFORE, Petitioner/Defendant removes the above-entitled action now

7  pending in the Superior Court of the State of California for the County of San Diego to this Court.

8  Dated: February 22, 2008      RAYMOND W. BERTRAND
                           CATHERINE E. CAOUETTE

9                           PAUL, HASTINGS, JANOFSKY & WALKER LLP

10

11               By:_____

12                          RAYMOND W. BERTRAND

13               Attorneys for Defendant
                 MOTHERS WORK, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF CATHERINE CAOUETTE

2

3      I, Catherine Caouette, declare and state as follows:

4      1.      I am an attorney licensed by the Bar of the State of California, and I am

5   admitted to practice before this Court. I am an Associate with the law firm of Paul, Hastings,

6   Janofsky & Walker LLP, counsel of record for Defendant MOTHERS WORK, INC.

7   ("Petitioner/Defendant") in this action, and I am one of the attorneys responsible for the defense

8   of this action. Except as otherwise indicated, I have personal knowledge of the facts set forth in

9   this Declaration and, if called to testify under oath, could and would testify competently thereto.

10      2.      On January 25, 2008, Petitioner/Defendant (via their agent for process, CT

11   Corporation System) was served with a Complaint, apparently filed by Plaintiff WISLAWA

12   ROSENBLUM on January 17, 2008, in the Superior Court of the State of California for the

13   County of San Diego. The Complaint is entitled *WISLAWA B. ROSENBLUM, Plaintiff, v.*

14   *MOTHERS WORK, INC., a Delaware Corporation, and DOES 1 through 30, inclusive,*

15   *Defendant,* and designated as Case No. 37-2008-00076083-CU-WT-CTL. A true and correct

16   copy of the Complaint and Service of Process Transmittal in the form received by

17   Petitioner/Defendant on January 25, 2008, is attached hereto as Exhibit A. This copy is the first

18   and only pleading received by Petitioner/Defendant through service or otherwise.

19      3.      On February 19, 2008, Petitioner/Defendant filed and served their Answer

20   to Plaintiff's Complaint. A true and correct copy of the Answer is attached hereto as Exhibit B.

21      4.      Notice of this removal is being given both to the adverse party and to the

22   State Court pursuant to 28 U.S.C. § 1446(d). True and correct copies of Defendants' Notice to

23   Adverse Party of Removal and Defendant's Notice to Superior Court of Removal of Civil Action

24   to Federal Court are attached hereto as Exhibits C and D, respectively. Pursuant to 28 U.S.C.

25   § 1446(d), promptly after filing this Notice of Removal, Defendant will serve a written Notice of

26   Removal to the adverse party and file a copy of this Notice of Removal to the United States

27   District Court for the Southern District of California with the Clerk of the Superior Court of the

28   State of California for the County of San Diego. Proofs of service of these Notices will be filed

1   with this Court shortly after the Superior Court filing and service upon the adverse party are

2   accomplished. Exhibits A through D constitute all process, pleadings and orders served on or by

3   Petitioner/Defendant in this action.

4       5.   I am informed and believe that Plaintiff is now, and was at the time this

5   action commenced, a citizen of the State of California within the meaning of 28 U.S.C. Section

6   1332(a), because her place of residence is within the State of California. Plaintiff was until

7   recently an employee of Petitioner/Defendant Mothers Work, Inc. and supplied it with an address

8   located in the State of California. Plaintiff stated in her Complaint that she resides in San Diego

9   County, California. *See* Exhibit A at ¶ 1.

10      6.   I am informed and believe and that Petitioner/Defendant Mothers Work,

11  Inc. was at the time this action was commenced, a citizen of the State of Delaware and the

12  Commonwealth of Pennsylvania within the meaning of 28 U.S.C. Section 1332(c)(1), because it

13  is now and was at all material times incorporated under the laws of the State of Delaware, and

14  maintains, and at all material times maintained, its principal place of business in the

15  Commonwealth of Pennsylvania.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1           7.     In this action, Plaintiff asserts seven causes of action: wrongful

2    termination: retaliation for refusal to participate in unlawful discrimination FEHA; employment

3    discrimination: disparate treatment based on age-FEHA; wrongful termination in violation of

4    public policy; breach of contract; breach of the covenant of good faith and fair dealing;

5    negligence; intentional infliction of emotional distress. I am informed and believe that Plaintiff's

6    remuneration for 2007 was in excess of $75,000. Plaintiff seeks "compensatory damages

7    including lost wages, earnings, overtime, earned bonuses, retirement benefits and other employee

8    benefits." She also seeks the cost of obtaining a business degree, emotional distress damages, and

9    punitive damages. Finally, Plaintiff seeks an award of attorneys' fees. That the amount in

10   controversy exceeds $75,000 is not in dispute.

11          I declare under penalty of perjury under the laws of the United States that the

12   foregoing is true and correct, executed this 22nd day of February, 2008 in San Diego, California.

13

14                                 _____

                                     Catherine Caouette

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CASE NO. 08 CV 0340 JLS (RBB)

TABLE OF CONTENTS TO EXHIBITS TO
DECLARATION OF CATHERINE CAOUETTE IN SUPPORT OF
MOTHERS WORK, INC.'S NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

| **Exhibit** | **Page(s)** | **Description** |
|---|---|---|
| A | 10-33 | Plaintiff's Complaint |
| B | 34-42 | Defendant's Answer to Plaintiff's Complaint |
| C | 43-44 | Notice to Adverse Party of Removal of Civil Action to Federal Court by Defendant Mothers Work, Inc. |
| D | 45-46 | Notice to Superior Court of Removal of Civil Action to Federal Court by Defendant Mothers Work, Inc. |

# EXHIBIT A

# EXHIBIT A

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
01/28/2008
CT Log Number 513021657

TO: Ronald J Masciantonio
Mothers Work, Inc.
456 North 5th Street
Philadelphia, PA 19123

RE: **Process Served in California**

FOR: Mothers Work, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Wislawa B. Rosenbium, Pltf. vs. Mothers Work, Inc., et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Exhibit, Cover Sheet, Notice(s), Stipulation Form |
| COURT/AGENCY: | San Diego County, San Diego, Superior Court, CA<br>Case # 37200800076083CUWTCTL |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - Discrimination on the basis of age |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/25/2008 at 14:13 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | David Rosenberg<br>Rosenberg, Shpall & Associates, APLC<br>401 "B" Street<br>Suite 2209<br>San Diego, CA 92101<br>619-232-1826 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 791486302620 |
| SIGNED: | C T Corporation System |
| PER: | Nancy Flores |
| ADDRESS: | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| TELEPHONE: | 213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MOTHERS WORK, INC., a Delaware Corporation, and DOES
1 through 30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WISLAWA B. ROSENBLUM

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
San Diego Superior Court
JAN 17 2008
Clerk of the Superior Court
By     A. Fletes

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA <br> 330 W. Broadway <br> San Diego, California  92101 | CASE NUMBER: <br> *(Número del Caso):*  37-2008-00076083-CU-WT-CTL |

Central Division
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Rosenberg, SBN 99105            (619) 232-1826  (619) 232-1859
ROSENBERG, SHPALL & ASSOCIATES, APLC
401 "B" Street, Suite 2209
San Diego, California  92101

DATE:                                     Clerk, by                 A. Fletes                 , Deputy
*(Fecha)*  JAN 17 2008                    *(Secretario)*        A. Fletes              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Mothers Work, Inc., a Delaware Corpo-

    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Ex. A
Page 11

1     DAVID ROSENBERG, ESQ. (SBN 99105)
     ANNETTE FARNAES, ESQ. (SBN 128701)
2     ROSENBERG, SHPALL & ASSOCIATES
     WELLS FARGO PLAZA
3     401 "B" Street, Suite 2209
     San Diego, California 92101
4     Telephone: (619) 232-1826
     Facsimile: (619) 232-1859
5

                                            37-2008-00076083-CU-WT-CTL

6     Attorneys for Plaintiff, WISLAWA B. ROSENBLUM

7

8                   SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SAN DIEGO, CENTRAL DIVISION

10   WISLAWA B. ROSENBLUM,      )    COMPLAINT FOR DAMAGES FOR:

11           Plaintiff,        )     1.   Wrongful termination: retaliation for
                                  )         refusal to participate in unlawful
12   v.                           )         discrimination FEHA;
                                   )     2.   Employment Discrimination: Disparate
13   MOTHERS WORK, INC., a Delaware   )        Treatment Based on Age- FEHA;
   Corporation, and DOES 1 through 30,   )    3.   Wrongful Termination in Violation of
14   inclusive,                     )         Public Policy;
                                   )     4.   Breach of Contract;
15           Defendant.        )     5.   Breach of the Covenant of Good Faith and
                                   )         Fair Dealing;
16                                    )     6.   Negligence;
                                   )     7.   Intentional Infliction of Emotional Distress
17

18         Plaintiff, WISLAWA B. ROSENBLUM (hereinafter sometimes referred to as "Plaintiff"),

19   alleges as follows:

20         1.     Plaintiff, is and at all times mentioned herein was, an individual who resides in the

21   County of San Diego, California.

22         2.     Plaintiff is informed and believes, and on that basis alleges, that Defendant,

23   MOTHERS WORK, INC. (hereinafter sometimes referred to as "the Company"), is a Delaware

24   Corporation with its headquarters in Philadelphia, Pennsylvania, licensed to conduct business in

25   California and during all times pertinent to this claim doing business within the County of San Diego

26   and still conducting business within the County of San Diego.

27         3.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein

28   under the fictitious name DOES 1 through 30, inclusive. Plaintiff is informed and believes that each

1    of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in

2    this complaint.

3         4.    Plaintiff is informed and believes and on that basis alleges, that at all times material

4    to this action, Defendant and each of them, was the agent or employee of each and every other

5    Defendant.  In doing the things alleged in the causes of action into which this paragraph is

6    incorporated by reference each and every Defendant was acting within the course and scope of his

7    agency or employment and was acting with the consent, permission and authorization of each of the

8    remaining Defendants.  All actions of each Defendant alleged in the causes of action into which this

9    paragraph is incorporated by reference were ratified and approved by the officers or managing agents

10   of every other Defendant.

11                                              I.

12   ## FACTUAL BACKGROUND RELEVANT TO ALL CAUSES OF ACTION

13        5.    Plaintiff WISLAWA B. ROSENBLUM is 45-years-old. In July of 1993, Plaintiff was

14   hired by Defendant MOTHERS WORK, INC. for the position of Store Manager.

15        6.    During her 14 years of employment with Mothers Work, Inc., Plaintiff was promoted

16   from Store Manager to District Manager, a position she held from 2002 until her termination in

17   August of 2007. Plaintiff received pay increases and bonuses on a yearly basis in recognition of her

18   excellent performance throughout her employment and at the end of her employment her annual

19   salary had more than doubled from her beginning salary.

20        7.    Plaintiff received multiple awards during her employment and was nominated

21   "District Manager of the Year" in 2005 and 2006, all in recognition of her excellent performance for

22   the Company.  She was granted stock options in the Company in December of 2005.

23        8.    During Plaintiff's five (5) years as West Coast District Manager for the Company's

24   "Pea in the Pod" Division, her job duties included (but were not limited to) management of ten West

25   Coast stores, recruitment and hiring of staff, training of staff and firing of staff within her district.

26   Plaintiff supervised the merchandising of the stores within her district and also opened and set up

27   new stores and was known as the person to call and depend on, when a problem arose.

28   ///

9.    At all times during Plaintiff's employment she frequently worked between 40 to 70 hours per week, due to the amount of responsibility placed on her and the high volume of tasking.

10.    During the time of Plaintiff's employment, Plaintiff received only outstanding performance reviews and her performance was consistently rated "exceeds requirements".

11.    During her time as a District Manager with responsibilities for hiring and firing personnel for the ten West Coast stores, Plaintiff became aware that the Company's Top Management had a secret discriminating hiring policy which was to give preference to pretty, non-pregnant young white women over African-American women, Hispanic women and pregnant women.

12.    On many occasions, Plaintiff was told that her chosen candidate for a position did not "fit the image" and Plaintiff was specifically told to fire two (2) African American women in 2005, and two (2) more in 2006.

13.    In 2005, Plaintiff was told to fire a Hispanic Store Manager in the Beverly Hills store and was specifically told by then Director Patty Mara that she "did not care about California Law" and that she "did not want all "Hernandez's" in the Beverly Hills store". The Beverly Hills store Manager was then moved to another store with a lower volume.

14.    After the Beverly Hills store Manager was relocated, Plaintiff wanted to hire a prior store manager of African American decent for the Beverly Hills store, but was instructed by the upper management "to find someone with a different image".

15.    In August of 2007, Plaintiff hired a pregnant woman for the Beverly Hills store. Plaintiff went on vacation in September 2007, and when she returned she found that the Company had been spreading false rumors about her work ethics.

16.    On October 3, 2007, Plaintiff met with Alexis Black, Division Director and Scott Gerhard, Vice President, and Plaintiff was asked to answer a series of questions which all implied that her work ethics were questionable. Plaintiff denied all implied accusations, however, at the end of the meeting Plaintiff was informed that she was being suspended immediately and on October 8, 2007, she received verbal notification that she was terminated.

///

Ex. A
Page 14

1       17.   Despite her 14 years of loyal service to the Company she was terminated without

2   severance pay and without any stated reason for her termination.

3       18.   Plaintiff's termination was pre-textual in that the real reason was retaliation for

4   refusing to participate in the Company's continuous violations of State and Federal Law and

5   discriminatory because she was an older employee.

6       19.   Plaintiff's position was immediately given to a much younger (and cheaper)

7   employee.

8       20.   By firing Plaintiff due to her rightful refusal to adhere to the Company's illegal and

9   discriminating hiring policy, and because of her age, the Defendants and all of them have caused the

10  Plaintiff damages in form of loss of income and loss of future earnings, emotional distress and

11  relocation costs.

12  **FIRST CAUSE OF ACTION**

13  **RETALIATION FOR REFUSING TO PARTICIPATE**

14  **IN UNLAWFUL DISCRIMINATION**

15  **(GOVERNMENT CODE §12940 et. al.)**

16      21.   As a first and separate and distinct cause of action Plaintiff complains against

17  Defendant MOTHERS WORK, INC. and DOES 1 through 30 and each of them, and for a cause of

18  action alleges:

19      22.   Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1

20  through 20, as set forth above.

21      23.   In or about June 2005, and through the end of her employment with the Company,

22  Plaintiff openly opposed the secret discriminating hiring policy in that she hired African American

23  and Hispanics and pregnant women for positions within the company, using their qualifications as

24  the only factor in her selection, all in contrast to the wishes of the upper management, who preferred

25  that she not hire African-Americans or Hispanics or pregnant women, especially for the Beverly

26  Hills store.

27      24.   On or about August 2007, Plaintiff again opposed the Company's discriminating

28  hiring policy, in that she hired a pregnant woman for the Beverly Hills store.

-4-
*Complaint for Damages*

25.    Immediately after Plaintiff hired a pregnant woman for the Beverly Hills store the Company retaliated against her, by spreading false rumors about her and making false accusations about Plaintiff's work ethics, all in an attempt to make it appear that there was good reason for terminating Plaintiff when in reality there was none.

26.    On October 8, 2007, the Plaintiff was fired without severance pay in retaliation of her protected refusal to adhere to the Company's illegal hiring policy and in violation of her protected right not to participate in violations of the law.

27.    Defendant MOTHERS WORK, INC. retaliated against Plaintiff for refusing to participate in the Company's unlawful conduct and for refusing to participate in such conduct all in violation of Government Code §12940 et al. and Labor Code §1102.

28.    Plaintiff suffered damages legally caused by these Defendants' retaliation as stated in the section below entitled "DAMAGES", which is incorporated here to the extent pertinent as set forth.

## SECOND CAUSE OF ACTION

### DISCRIMINATION / DISPARATE TREATMENT BASED ON AGE

### GOVERNMENT CODE §§12940 and 12941 (FEHA)

29.    As a second and separate and distinct cause of action Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them and for a cause of action alleges:

30.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 28, as set forth above.

31.    Plaintiff, who was 45 years of age at the time of firing, was at all material times an employee covered by the California Fair Employment Housing Act, Government Code §12940, et seq. (FEHA) which expressly prohibits discrimination in employment on the basis of age.

32.    Defendant MOTHERS WORK, INC., was at all material times an employer within the meaning of California Government Code §12926(c) and as such, is barred from discriminating in employment decisions on the basis of age, as set forth in California Government Code §§12940 and 12941.

1      33.    Defendant MOTHERS WORK, INC, discriminated against Plaintiff in the form of

2   disparate treatment based on age and discharged Plaintiff because of her age, in violation of the

3   California Fair Housing and Employment Act.

4      34.    Plaintiff filed a charge of Age Discrimination with the California Department of Fair

5   Employment and Housing (DFEH), within one (1) year of her termination. The Department issued

6   Plaintiff a "Right-to Sue Letter" within one (1) year of the filing of this complaint. Plaintiff has

7   exhausted her administrative remedies. A true and correct copy of the "Right to Sue Notice" is

8   attached hereto as Exhibit "A" and is incorporated by this reference as though fully set forth herein.

9      35.    Plaintiff suffered damages illegally caused by these Defendants' discrimination as

10   stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent

11   as set forth.

12                    **THIRD CAUSE OF ACTION**

13        **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

14      36.    As a third and separate and distinct cause of action Plaintiff complains against

15   Defendant MOTHERS WORK, INC., and DOES 1 through 30, and each of them, and for a cause

16   of action alleges:

17      37.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1

18   through 35, as set forth above.

19      38.    From on or about July of 1993 through October 2007, Defendant MOTHERS WORK,

20   INC. employed Plaintiff in various progressive positions and from January 2002, as West Coast

21   District Manager.

22      39.    At all times herein mentioned, Plaintiff performed all of her job duties to the full

23   satisfaction of Defendant.

24      40.    On or about October 2007, Defendants' retaliation and discrimination of Plaintiff

25   culminated in the form of her discharge for alleged reasons that were false, but which reasons were

26   in fact, because of her age, seniority and salary level, and her refusal to follow the secret

27   discriminatory hiring and firing company policy all in violation of public policy of the State of

28   California.

1    41.    As a result of Defendants' actions in violation of public policy, Plaintiff has suffered
2    and will continue to suffer damages legally caused by the Defendants' conduct as stated in the
3    section below entitled "DAMAGES," which is incorporated here to the extent pertinent, as if set
4    forth herein above.

5                           **FOURTH CAUSE OF ACTION**
6                             **BREACH OF CONTRACT**

7    42.    As a fourth separate and distinct cause of action, Plaintiff complains against
8    Defendants MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause
9    of action alleges:

10    43.    Plaintiff incorporates by reference paragraphs 1 through 41, inclusive, as though fully
11    set forth herein.

12    44.    Plaintiff and Defendants MOTHERS WORK, INC. and DOES 1 through 30, entered
13    into an employment contract on or about July 1993, and during the term of Plaintiff's employment.

14    45.    The contract was oral, written and implied-in-fact. The basic terms of the agreement
15    provided that Plaintiff's employment would be secure for as long as her performance was
16    satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn
17    agreed-upon wages and fringe benefits.

18    46.    Plaintiff undertook and continued employment and duly performed all of the
19    conditions of the employment agreement to be performed by her until prevented by Defendants from
20    further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the
21    conditions of the agreement to be performed by her.

22    47.    On or about October 8, 2007, Defendants MOTHERS WORK, INC. and DOES 1
23    through 30, breached the oral, written and implied-in-fact employment agreement by discharging
24    Plaintiff without good cause and despite her continued satisfactory performance.

25    48.    Plaintiff suffered damages legally caused by the breach of contract as stated in the
26    section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth
27    fully herein.

28    ///

# FIFTH CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

49.    As a fourth and separate and distinct cause of action, Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause of action alleges:

50.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 48, as set forth above.

51.    The law imposed duties on Defendants in connection with the employment agreement to act fairly and in good faith towards Plaintiff. Defendants covenanted to give full cooperation to Plaintiff in her performance under the employment agreement and to refrain from any act which would prevent or impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement or which would prevent Plaintiff from receiving the benefits of the employment agreement.

52.    On or about October 8, 2007, Defendants breached these duties imposed by law in connection with the employment agreement, by discharging Plaintiff and denying the employment agreement, without probable cause and in bad faith.

53.    As a result of Defendants' actions in violation of public policy, Plaintiff has suffered and will continue to suffer damages legally caused by the Defendants' conduct as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if fully set forth herein.

# SIXTH CAUSE OF ACTION

## NEGLIGENCE

54.    As a further sixth and separate and distinct cause of action, Plaintiff complains against Defendant MOTHERS WORK, INC. and DOES 1 through 30, and each of them, and for a cause of action alleges:

55.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1 through 53, as set forth above.

///

56.    The Defendant owed Plaintiff the duty not to perform the supervisory responsibilities towards her negligently, not to negligently hire or retain supervisory employees, who would improperly supervise Plaintiff, and not to terminate Plaintiff negligently or allow her to be terminated negligently. The Defendant owed Plaintiff this duty by virtue of the employment relationship with Plaintiff and the nature of that relationship, and by virtue of the representations made to Plaintiff, whereby Plaintiff was placed in a manifestly vulnerable position and by virtue of the agreement not to discharge Plaintiff without good cause.

57.    The employment relationship was intended to benefit Plaintiff, by providing her job security so long as she performed satisfactorily, by providing her with a steady stream of earned income, and by providing her with self-worth and self-confidence deriving her from her work. It was foreseeable, when Plaintiff was induced to enter into the employment relationship and throughout Plaintiff's employment, that negligent performance by any of the Defendants or their agents, of their responsibilities in the employment, would be substantially certain to cause Plaintiff severe injury, both financially and emotionally. Further, the Defendant occupied a position of trust toward Plaintiff, and of superior knowledge, and knew that they occupied such position.

58.    Defendant negligently supervised Plaintiff, by negligently failing to advise her of any deficiency in her performance, by negligently failing to adequately warn her before her termination, by negligently failing to give Plaintiff constructive criticism and assistance to obtain any necessary improvement in her performance, by negligently conducting an investigation into the seriousness of the alleged offense, and by negligently hiring and retaining supervisors, who improperly supervised Plaintiff, and improperly investigated the offense, allegedly made by Plaintiff. This negligent supervision by the Defendant and their agents and their negligent hire and retention of unfit supervisors, breached duties owed to Plaintiff by virtue of the employment agreement, and the nature and genesis of the employment relationship.

59.    Defendant MOTHERS WORK, INC. and DOES 1 through 30, negligently terminated Plaintiff from her employment, by negligently evaluating the seriousness of her alleged offense, by negligently failing to conduct an adequate investigation of her performance and her alleged offense, and by negligently failing to consider their duties towards Plaintiff, by negligently omit to counsel

1    or warn Plaintiff before terminating her, by negligently terminating Plaintiff without good cause, and

2    by negligently hiring and retaining supervisors, who wrongfully terminated, or caused the wrongful

3    termination of Plaintiff's employment.

4         60.    Plaintiff suffered damages legally caused by these Defendants' negligence as stated

5    in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if

6    set forth here in full.

7    **SEVENTH CAUSE OF ACTION**

8    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9         61.    As a further seventh and separate and distinct cause of action, Plaintiff complains

10   against Defendant MOTHERS WORK, INC. and DOES 1 through 30 and each of them, and for a

11   cause of action alleges:

12        62.    Plaintiff refers to and incorporates as though set forth in full herein, paragraphs 1

13   through 60, as set forth above.

14        63.    On or about July 1993, Plaintiff accepted employment with Defendant MOTHERS

15   WORK, INC., Plaintiff was assured that she would not be discharged without good cause, and

16   thereafter remained in her employment for more than 14 years in reliance on those assurances.

17        64.    Defendant MOTHERS WORK, INC., was in a position of power over Plaintiff, with

18   the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack

19   of power, because of her reliance on Defendant's assurances and forbearance of the possibility of

20   becoming employed elsewhere, because she had placed her trust in Defendant, because she depended

21   on her employment as the source of income for her own and her family's support, because a

22   wrongful termination of Plaintiff's employment would likely harm Plaintiff's ability to find other

23   employment, and because of the great disparity in bargaining power between Plaintiff and her

24   employer. Defendants were aware of Plaintiff's vulnerability and the reasons for it.

25        65.    On or about October 8, 2007, Defendant discharged Plaintiff without good cause, and

26   confirmed and ratified the discharge.

27        66.    Defendant's wrongful discharge of Plaintiff and the manner in which they

28   accomplished it was outrageous, in that it was without warning and without proper investigation of

1   any purported reason for the termination and ,was further outrageous in that it was punishment of

2   Plaintiff for her rightful refusal to apply discriminative hiring policies for the stores that she

3   managed, and in that Defendants refused to pay Plaintiff any severance payment and further refused

4   to pay Plaintiff her earned bonus from 2007, and in that Defendants at all times intended to discharge

5   Plaintiff without good cause, in violation of the employment agreement, leaving the Plaintiff without

6   her employment and without the income, sense of self-worth, and security she derived from her

7   employment, and which Defendants knew she derived from her employment.

8        67.    This conduct by Defendants was intended to cause Plaintiff emotional distress or was

9   done with reckless disregard of the probability of causing Plaintiff emotional distress.

10       68.    Plaintiff suffered damages legally caused by these Defendants' negligence as stated

11   in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if

12   set forth here in full.

13                         **DAMAGES**

14        69.    As a legal result of the conduct by Defendant MOTHERS WORK, INC., of which

15   Plaintiff complains, Plaintiff suffered loss of earnings and other employee benefits. Plaintiff, who

16   is an immigrant of Polish nationality had not obtained a management degree from any school within

17   the United States, but had earned her way to a top-management position within the Company.

18   Plaintiff now has to obtain a business degree in order to secure a compatible position within the retail

19   industry. Plaintiff will seek leave to amend this complaint to state the amount, or will proceed

20   according to proof at trial.

21        70.    At the time Plaintiff entered into the employment agreement and continuing

22   thereafter, all parties to the agreement contemplated, that it was reasonably foreseeable that breach

23   of the agreement would cause Plaintiff to suffer emotional distress. At all times, it was likely, in the

24   ordinary cause of things, that breach of the employment agreement would cause Plaintiff to suffer

25   emotional distress. The terms of the employment agreement related to matters which directly

26   concerned Plaintiff's comfort, happiness and personal welfare, and the Defendants were aware of

27   this at the time they entered into the agreement and continuing thereafter. The subject matter of the

28   employment agreement was such as to directly affect Plaintiff's self-esteem and emotional well-

1   being, and Defendants were aware of this at the time they entered into the agreement, and continuing

2   thereafter.

3       71.    Plaintiff suffered emotional distress as a legal result of the conduct by Defendants of

4   which Plaintiff complains. Plaintiff suffered mental distress, suffering and anguish as a legal result

5   of Defendants' outrageous conduct, reacting to her discharge with humiliation, embarrassment,

6   anger, disappointment and worry, all of which is substantial and enduring. Plaintiff will seek leave

7   to amend this complaint to state the amount or will proceed according to proof at trial.

8       72.    At all materials times, Defendants and each of them, knew that Plaintiff depended on

9   her wages and other employee benefits as a source of earned income. At all material times,

10   Defendants were in a position of power over Plaintiff, with the potential to abuse their power.

11   Plaintiff was in a vulnerable position, because of her relative lack of power, because of her reliance

12   on Defendant's assurances and forbearance of the possibility of becoming employed elsewhere,

13   because she had placed her trust in Defendants, because she depended on her employment for her

14   self-esteem and sense of belonging, because she relied upon her employment as a source of income

15   for her and her family's support, because a wrongful termination of Plaintiff's employment would

16   likely harm Plaintiff's ability to find other employment, and because of the great disparity in

17   bargaining power between Plaintiff and her employer. Defendants were aware of Plaintiff's

18   vulnerability and the reasons for it.

19       73.    Notwithstanding such knowledge, Defendants and each of them acted oppressively,

20   fraudulently and maliciously in willful and conscious disregard of Plaintiff's rights, and with the

21   intention of causing, or in reckless disregard of the probability of causing, injury and emotional

22   distress to the Plaintiff. Further, Defendant was informed of the oppressive fraudulent and malicious

23   conduct of their employees, agents and subordinates and ratified, approved and authorized their

24   conduct. The foregoing conduct of Defendants and each of them was intentional willful and

25   malicious, and Plaintiff is entitled to punitive damages in an amount to conform to proof. Plaintiff

26   is also entitled to attorney's fees and costs pursuant to California Labor Code §218.5.

27   ///

28   ///

1

## PRAYER

2    **WHEREFORE**, Plaintiff prays for judgment against the Defendants and each of them as

3    follows:

4        1.    For money judgment representing compensatory damages including lost wages,

5    earnings, overtime, earned bonuses, retirement benefits and other employee benefits and all other

6    sums of money for work performed, together with interest on these amounts according to proof;

7        2.    For the costs associated with obtaining a business degree in the United States;

8        3.    For necessary costs incurred as result of termination;

9        4.    For money judgment for mental pain and anguish and emotional distress, according

10    to proof.

11        5.    For an award of punitive damages according to proof;

12        6.    For costs of suit and attorney's fees;

13        7.    For prejudgment of post judgment interest;

14        8.    For any other relief that is just and proper;

15        9.    For attorney's fees pursuant to Code of Civil Procedure § 1021.5 and Government

16    Code §12965(b).

17            Respectfully Submitted:

18            ROSENBERG, SHPALL & ASSOCIATES, APLC

19

20    Dated: January 15th, 2008    By

21            ANNETTE FARNAES, Esquire
        Attorney for Plaintiff
        WISLAWA ROSENBLUM

22

23

24

25

26

27

28

# EXHIBIT "A"

RECEIVED NOV 1 9 2007

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES A....NCY    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov

November 9, 2007

WISLAWA B. ROSENBLUM
7142 B Calabria Court
San Diego, CA 92122

RE:   E200708D0608-00-rc
      ROSENBLUM/MOTHERS WORK, INC.

Dear WISLAWA B. ROSENBLUM:

### NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing on 11/1/2007 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for service of the complaint on respondent(s). You should also enclose a copy of the Notice of Case Closure along with the complaint. These documents must be served within 60 days of the filing date of the complaint. Government Code section 12962(b) further provides that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator

Enclosure:   Complaint of Discrimination
             Notice of Case Closure

DFEH-200-06 (01/05)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES    ICY    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fox (619) 645-2683
www.dfeh.ca.gov



November 9, 2007


WISLAWA B. ROSENBLUM
7142 B Calabria Court
San Diego, CA 92122


RE:    E200708D0608-00-rc
       ROSENBLUM/MOTHERS WORK, INC.


Dear WISLAWA B. ROSENBLUM:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective
November 1, 2007 because an immediate right-to-sue notice was requested.  DFEH will take no
further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment and
Housing Act against the person, employer, labor organization or employment agency named in
the above-referenced complaint.  The civil action must be filed within one year from the date of
this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH
*Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator


cc:    Case File


Director
Human Resources/Personnel
MOTHERS WORK, INC.
456 North 5th Street
Philadelphia, PA  19123

DFEH-200-43 (06/06)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Annette Farnaes, SBN 128701<br>David Rosenberg, SBN 99105<br>ROSENBERG, SHPALL & ASSOCIATES, APLC<br>401 "B" Street, Suite 2209<br>San Diego, California  92101<br>TELEPHONE NO.: (619) 232-1826   FAX NO.: (619) 232-1859 | |

ATTORNEY FOR *(Name):* WISLAWA B. ROSENBLUM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

CASE NAME:   ROSENBLUM V. MOTHERS WORK

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER<br>37-2008-00076083-CU-WT-CTL |
|---|---|---|
| | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action *(specify):* SEVEN (7)

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 15, 2008

Annette Farnaes, SBN 128701
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10

*3/17 COS @ V*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS:        330 West Broadway
MAILING ADDRESS:       330 West Broadway
CITY AND ZIP CODE:     San Diego, CA 92101
BRANCH NAME:           Central
TELEPHONE NUMBER:      (619) 685-6058

PLAINTIFF(S) / PETITIONER(S):    Wislawa Rosenblum

DEFENDANT(S) / RESPONDENT(S): Mothers Work Inc., a Delaware Corp.

ROSENBLUM VS. MOTHERS WORK INC., A DELAWARE CORP.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00076083-CU-WT-CTL |
|---|---|

Judge:  John S. Meyer                              Department: C-61

COMPLAINT/PETITION FILED: 01/17/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                   NOTICE OF CASE ASSIGNMENT                          Page: 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00076083-CU-WT-CTL        CASE TITLE: Rosenblum vs. Mothers Work Inc., a Delaware Corp.

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

3) SETTLEMENT CONFERENCES: The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) OTHER VOLUNTARY ADR: Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

ADDITIONAL ADR INFORMATION: For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:        Central | *FOR COURT USE ONLY* |

PLAINTIFF(S):   Wislawa Rosenblum

DEFENDANT(S):   Mothers Work Inc., a Delaware Corp.

SHORT TITLE:   ROSENBLUM VS. MOTHERS WORK INC., A DELAWARE CORP.

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2008-00076083-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                    Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                   ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____            Date: _____

Name of Plaintiff                            Name of Defendant

Signature                                    Signature

Name of Plaintiff's Attorney                 Name of Defendant's Attorney

Signature                                    Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 01/17/2008                            _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page 1

# EXHIBIT B

# EXHIBIT B

Case 3:08-cv-00340-JLS-RBB    Document 6    Filed 02/27/2008    Page 97 of 117
Case 3:08-cv-00340-J    RBB    Document 4    Filed 02    2008    Page 36 of 50
Feb. 19. 2008  4:52PM    DLSUSᴀᴇᴏᴅIVERSIFIED                    No. 1614    P. 11



02/19/2008                    DLSUSA/DIVERSIFIED                    FILED    PAGE2
                                                        CIVIL BUSINESS OFFICE 9
                                                          CENTRAL DIVISION

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP          2008 FEB 19 · P 4: 06
    RAYMOND W. BERTRAND (SB# 220771)
2   raymondbertrand@paulhastings.com              CLERK-SUPERIOR COURT
    CATHERINE E. CAOUETTE (SB# 234714)            SAN DIEGO COUNTY, CA
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA 92130
    Telephone: (858) 720-2500
5   Facsimile: (858) 720-2555

6   Attorneys for Defendant
    MOTHERS WORK, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    CITY AND COUNTY OF SAN DIEGO

10

11  WISLAWA B. ROSENBLUM,          CASE NO. 37-2008-00076083-CU-WT-CTL

12          Plaintiff,              ANSWER TO COMPLAINT

13      vs.                         FILE BY FAX

14  MOTHERS WORK, INC., a Delaware
    Corporation, and DOES 1 through 30,
15  inclusive,

16          Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58059176.1

              ANSWER TO COMPLAINT                         COPY

1    COMES NOW Defendant Mothers Work, Inc., and answers the following

2    unverified Complaint filed in the above-entitled action ("Complaint") as follows:

3    Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

4    Defendant denies, generally and specifically, each and every allegation in the Complaint, and

5    further denies that Plaintiff has been damaged in the sum or sums alleged, or in any sum, or at all,

6    or is entitled to any of the relief requested therein, including without limitation, general,

7    compensatory, punitive and other damages, by reason of any act or omission on the part of

8    Defendants, their agents, servants, employees or representatives.

9                           FIRST AFFIRMATIVE DEFENSE

10    1.    The Complaint, and each and every purported cause of action contained

11    therein, does not state facts sufficient to constitute a cause of action.

12                          SECOND AFFIRMATIVE DEFENSE

13    2.    Plaintiff was an employee of Defendant, which employment did not have a

14    specified term and could be terminated at the will of either party upon notice to the other.

15                           THIRD AFFIRMATIVE DEFENSE

16    3.    The Complaint, and each of the purported causes of action is barred by the

17    applicable statute of limitations, including but not limited to, CAL. GOV'T CODE § 12960 and

18    CAL. CODE CIV. PROC. §§ 335.1, 337, and 339.

19                          FOURTH AFFIRMATIVE DEFENSE

20    4.    The Complaint, and each of the purported causes of action, is barred in

21    whole or in part by Plaintiff's failure to exhaust all internal grievance procedures and

22    administrative remedies.

23                           FIFTH AFFIRMATIVE DEFENSE

24    5.    Plaintiff is estopped, in whole or in part, from asserting claims/cause of

25    action alleged in the Complaint by reason of her own acts and/or omissions.

26                           SIXTH AFFIRMATIVE DEFENSE

27    6.    The Complaint, and each cause of action alleged therein, is barred by the

28    doctrine of waiver.

LEGAL_US_W # 58059176.1

-2-

Ex. B
Page 35

SEVENTH AFFIRMATIVE DEFENSE

7.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

EIGHTH AFFIRMATIVE DEFENSE

8.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

NINTH AFFIRMATIVE DEFENSE

9.     The Complaint, and each purported cause of action alleged therein, fails because Plaintiff did not satisfy and/or breached her statutory obligations as provided in the California Labor Code. CAL. LAB. CODE § 2856.

TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims are barred by the exclusive remedy of Workers' Compensation, CAL. LAB. CODE § 3600 *et seq.*

ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff has failed to properly mitigate the damages claimed to have been sustained by reason of the conduct of Defendant.

TWELFTH AFFIRMATIVE DEFENSE

12.     The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

THIRTEENTH AFFIRMATIVE DEFENSE

13.     The Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly harassing, discriminatory and retaliatory behavior, if any.

FOURTEENTH AFFIRMATIVE DEFENSE

14.     The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by

1    Defendant or to avoid harm otherwise.

2                    FIFTEENTH AFFIRMATIVE DEFENSE

3            15.    The Complaint is barred, in whole or in part, because Plaintiff failed to

4    notify the appropriate management personnel of the allegedly improper conduct which forms the

5    basis of the Complaint.

6                    SIXTEENTH AFFIRMATIVE DEFENSE

7            16.    To the extent that Plaintiff makes allegations or claims with respect to a

8    time period more than one year prior to the date on which Plaintiff allegedly filed a complaint

9    with the California Department of Fair Employment and Housing ("DFEH"), or which were not

10   made the subject of a timely DFEH and/or EEOC complaint, the Court lacks jurisdiction with

11   respect to any such allegations or claims. CAL. GOV'T CODE §§ 12900 *et seq.*

12                   SEVENTEENTH AFFIRMATIVE DEFENSE

13           17.    The first purported cause of action for breach of implied contract fails to

14   state facts sufficient to constitute a cause of action because Plaintiff's employment was

15   terminable at the will of either party to the employment relationship, with or without cause, so

16   that Plaintiff has no claim for relief based upon the termination of her employment. CAL. LAB.

17   CODE § 2922.

18                   EIGHTEENTH AFFIRMATIVE DEFENSE

19           18.    The fourth purported cause of action for breach of implied contract fails to

20   state facts sufficient to constitute a cause of action because, to the extent good cause determinate

21   was required, any decision made by Defendant with respect to Plaintiff's employment was based

22   upon good cause.

23                   NINTEENTH AFFIRMATIVE DEFENSE

24           19.    The fourth purported cause of action for breach of implied contract fails to

25   state facts sufficient to constitute a cause of action because at the time Defendant made the

26   decision to terminate Plaintiff's employment, Defendant was acting reasonably and in good faith.

27                   TWENTIETH AFFIRMATIVE DEFENSE

28           20.    The fourth purported cause of action for breach of implied contract is

1   barred because the alleged contract of employment between Plaintiff and Defendant, if any, is

2   vague and uncertain and therefore unenforceable.

3   TWENTY-FIRST AFFIRMATIVE DEFENSE

4         21.    To the extent that there was a contract between the parties, which

5   Defendant expressly denies, Plaintiff's claims are barred by the statute of frauds.

6   TWENTY-SECOND AFFIRMATIVE DEFENSE

7         22.    The actions of Defendant and its agents, servants, employees or

8   representatives, as alleged in the Complaint, were work-related and consistent with the doctrine of

9   business necessity and were within Defendant's reasonable business judgment.

10   TWENTY-THIRD AFFIRMATIVE DEFENSE

11         23.    Defendant cannot be liable for punitive or exemplary damages because no

12   officer, director or managing agent of the corporation (a) personally engaged in oppression, fraud

13   or malice; (b) had advanced knowledge of the unfitness of any employee who engaged in

14   oppression, fraud or malice and employed that employee with a conscious disregard of the rights

15   and safety of others; or (c) authorized or ratified any employee to engage in oppression, fraud or

16   malice. CAL. CIV. CODE § 3294. Defendant also cannot be liable for punitive or exemplary

17   damages as prayed for in the Complaint, and any allegations with respect thereto should be

18   stricken, because California's laws regarding the alleged conduct in question in this action are too

19   vague to permit the imposition of punitive damages, and because any aware of punitive or

20   exemplary damages under California law in general, and/or any such award under California law

21   as applied to the facts in this case, would violate Defendant's constitutional rights under

22   provisions of the United States and California Constitutions, including, but not limited to, the due

23   process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and

24   the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the

25   United States Constitution.

26   TWENTY-FOURTH AFFIRMATIVE DEFENSE

27         24.    The Complaint, and each purported cause of action alleged therein, fails to

28   state facts sufficient for the imposition of punitive damages in any sum whatsoever against

1    Defendant.

2    TWENTY-FIFTH AFFIRMATIVE DEFENSE

3        25.    Plaintiff's claim for punitive damages is barred by the United States and

4    California Constitutions, including, without limitation, the due process rights thereunder of

5    Defendant.

6    TWENTY-SIXTH AFFIRMATIVE DEFENSE

7        26.    The Complaint, and each purported cause of action alleged therein, is

8    barred, in whole or in part, by the after-acquired-evidence doctrine to the extent, after the alleged

9    termination of Plaintiff's employment, Defendant learned of Plaintiff's wrongful conduct during

10   her employment that would have resulted in her alleged termination.

11   TWENTY-SEVENTH AFFIRMATIVE DEFENSE

12       27.    Plaintiff is barred from recovering punitive damages because Defendant

13   had in place a policy to prevent discrimination, harassment and retaliation in its workplace and

14   made good faith efforts to implement and enforce that policy.

15   TWENTY-EIGHTH AFFIRMATIVE DEFENSE

16       28.    The Complaint, and each purported cause of action alleged therein, is

17   barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

18   TWENTY-NINTH AFFIRMATIVE DEFENSE

19       29.    Plaintiff is not entitled to collect pre-judgment interest in this matter

20   because she is not entitled to recover any damages.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1      WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her

2  Complaint herein, for costs of suit and reasonable attorneys' fees, and for such other and further

3  relief as the court deems proper.

4  DATED: February 19, 2008    PAUL, HASTINGS, JANOFSKY & WALKER LLP

5                RAYMOND W. BERTRAND
                CATHERINE E. CAOUETTE

7  By: _____

8          RAYMOND W. BERTRAND

9  Attorneys for Defendant
  MOTHERS WORK, INC.

1                                       **PROOF OF SERVICE**

2    STATE OF CALIFORNIA                  )
                                           ) ss:

3    CITY AND COUNTY OF SAN DIEGO     )

4              I am employed in the City and County of San Diego, State of California. I am

5 over the age of 18, and not a party to the within action. My business address is 3579 Valley Centre Drive, San Diego, California 92130.

6              On February 19, 2008, I served the foregoing document(s) described as:

7                               **ANSWER TO COMPLAINT**

8 on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

9

10                          **SEE ATTACHED SERVICE LIST**

11       ☐     **VIA OVERNIGHT MAIL:**

12             VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the

13             express service courier addressed to the person(s) on whom it is to be served.

      ☒     **VIA U.S. MAIL:**

14             I am readily familiar with the firm's practice of collection and processing of

15             correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on February 19, 2008 with postage thereon

16             fully prepaid, at San Diego, California.

      ☐     **BY PERSONAL SERVICE:**

17             I caused the envelope(s) to be delivered by hand to the addressee(s) noted above. I delivered to an authorized courier or driver to be delivered on the same date. A

18             proof of service signed by the authorized courier will be filed with the court upon request.

19

20              I declare under penalty of perjury under the laws of the State of California that the

21 above is true and correct.

22

23              Executed on February 19, 2008, at San Diego, California.

24

25                                  _Judy Miller_
                                         Judy Miller

26

27

28

1

SERVICE LIST

2    David Rosenberg, Esq.                    **VIA U.S. MAIL**

3    Annette Farnaes, Esq.
     Rosenberg, Shpall & Associates

4    Wells Fargo Plaza
     401 "B" Street

5    Suite 2209
     San Diego, CA  92101

6    Tel.: (619) 232-1826
     Fax: (619) 232-1859

7    Attorneys for Plaintiff
     Wislawa B. Rosenblum

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

# EXHIBIT C

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     RAYMOND W. BERTRAND (SB# 220771)
2    raymondbertrand@paulhastings.com
     CATHERINE E. CAOUETTE (SB# 234714)
3    catherinecaouette@paulhastings.com
     3579 Valley Centre Drive
4    San Diego, CA 92130
     Telephone: (858) 720-2500
5    Facsimile: (858) 720-2555

6    Attorneys for Defendant
     MOTHERS WORK, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11   WISLAWA B. ROSENBLUM,              CASE NO. 37-2008-00076083-CU-WT-CTL

12              Plaintiff,              **NOTICE TO ADVERSE PARTY OF
                                        REMOVAL OF CIVIL ACTION TO
13        vs.                          FEDERAL COURT BY DEFENDANT
                                        MOTHERS WORK, INC.**
14   MOTHERS WORK, INC., a Delaware
     Corporation, and DOES 1 through 30,
15   inclusive,                         Judge:    Hon. John S. Meyer
                                        Dept.:    C-61
16              Defendant.

17                                      Complaint Filed:  January 17, 2008
                                        Trial Date:       None Set

18

19

20

21

22

23

24

25

26

27

28
     LEGAL_US_W # 58242200.1                              Ex. C
                                                          Page 43
─────────────────────────────────────────────────────────────
     NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
                            MOTHERS WORK, INC.

1    TO PLAINTIFF WISLAWA B. ROSENBLUM AND HER ATTORNEYS OF

2    RECORD DAVID ROSENBERG AND ANNETTE FARNAES OF THE LAW FIRM OF

3    ROSENBERG, SHPALL & ASSOCIATES:

4    　　　　　PLEASE TAKE NOTICE THAT on February 21, 2008, Defendant Mothers Work,

5    Inc. filed in the United States District Court for the Southern District of California a Notice of

6    Removal of Civil Action. Attached to this notice as Exhibit "A" is a true and correct copy of the

7    Notice of Removal, the filing of which effects the removal of this action to the United States

8    District Court.

9

10    DATED: February _____, 2008    PAUL, HASTINGS, JANOFSKY & WALKER LLP

11    　　　　　　　　　　　　　　　　RAYMOND W. BERTRAND
　　　　　　　　　　　　　　　　　CATHERINE E. CAOUETTE

12

13    　　　　　　　　　　　　　　By:_____

14    　　　　　　　　　　　　　　　　　RAYMOND W. BERTRAND

15    　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　MOTHERS WORK, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
MOTHERS WORK, INC.

# EXHIBIT D

# EXHIBIT D

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   RAYMOND W. BERTRAND (SB# 220771)
2  raymondbertrand@paulhastings.com
   CATHERINE E. CAOUETTE (SB# 234714)
3  catherinecaouette@paulhastings.com
   3579 Valley Centre Drive
4  San Diego, CA 92130
   Telephone: (858) 720-2500
5  Facsimile: (858) 720-2555

6  Attorneys for Defendant
   MOTHERS WORK, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11 WISLAWA B. ROSENBLUM,                    CASE NO. 37-2008-00076083-CU-WT-CTL

12              Plaintiff,                  **NOTICE TO SUPERIOR COURT OF
                                            REMOVAL OF CIVIL ACTION TO
13      vs.                                 FEDERAL COURT BY DEFENDANT
                                            MOTHERS WORK, INC.**
14 MOTHERS WORK, INC., a Delaware
   Corporation, and DOES 1 through 30,
15 inclusive,
                                            Judge:    Hon. John S. Meyer
16              Defendant.                  Dept.:    C-61

17                                          Complaint Filed:  January 17, 2008
                                            Trial Date:       None Set
18

19

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF

2    CALIFORNIA FOR THE COUNTY OF SAN DIEGO:

3        Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

4    of Civil Action to the United States District Court, the original of which was filed with the United

5    States District Court for the Southern District of California on February 21, 2008.

6

7    DATED: February _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        RAYMOND W. BERTRAND
8                                       CATHERINE E. CAOUETTE

9

10                                      By:_____
11                                          RAYMOND W. BERTRAND

12                                      Attorneys for Defendant
                                        MOTHERS WORK, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                  Ex. D
                                                                    Page 46

LEGAL_US_W # 58242246.1            -2-

NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY
DEFENDANT MOTHERS WORK, INC.

**PROOF OF SERVICE**

     I am employed in the City and County of San Diego, California.  I am over the age of 18 years and not a party to the within action.  My business address is Paul, Hastings, Janofsky & Walker LLP, 3579 Valley Centre Drive, San Diego, CA 92130.

     On February 22, 2008, I served:

**AMENDED NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT; AMENDED DECLARATION OF CATHERINE CAOUETTE**

on the party(ies) in this action by placing a true copy thereof in a sealed envelope(s), addressed as follows:

**See Attached Service List**

| | |
|---|---|
| [X] | (BY E-FILE) I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List, and I hereby certify that I have mailed the foregoing document(s) via the United States Postal Service to the non-CM/ECF participants indicated on the attached Service List. |
| [X] | (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Paul, Hastings, Janofsky & Walker LLP, San Diego, California, following ordinary business practices.  I am familiar with the practice of Paul, Hastings, Janofsky & Walker LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection. |
| [ ] | (BY PERSONAL DELIVERY) I then sealed the envelope and caused it to be hand delivered to the offices of the addressee(s) below. |
| [ ] | (BY UNITED PARCEL SERVICE) I am readily familiar with the practice of Paul, Hastings, Janofsky & Walker LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by United Parcel Service for overnight delivery. |
| [X] | (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. |

     Executed at San Diego, California on February 22, 2008.

                    /s/ Judy Johns
                    JUDY JOHNS

1

## SERVICE LIST

2  David Rosenberg, Esq.
   Annette Farnaes, Esq.
3  Rosenberg, Shpall & Associates
   401 "B" Street
4  Suite 2209
   San Diego, CA  92101
5  Tel. (619) 232-1826
   Fax (619) 232-1859
6  Attorneys for Plaintiff
   Wislawa B. Rosenblum
7

8
   *    Denotes service via CM/ECF System
9
   **  Denotes service via U.S. Mail
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
## PROOF OF SERVICE

2  STATE OF CALIFORNIA )
                                                    ) ss:
3  CITY AND COUNTY OF SAN DIEGO )

4       I am employed in the City and County of San Diego, State of California.  I am
   over the age of 18, and not a party to the within action.  My business address is 3579 Valley
5  Centre Drive, San Diego, California  92130.

6       On February 26, 2008, I served the foregoing document(s) described as:

7  **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL
   COURT BY DEFENDANT MOTHERS WORK, INC.**
8
   on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
9  addressed as follows:

10                 **SEE ATTACHED SERVICE LIST**

11
          ☐    **VIA OVERNIGHT MAIL:**
12
                VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail
13              service or an authorized courier in a sealed envelope or package designated by the
                express service courier addressed to the person(s) on whom it is to be served.
14        ☒    **VIA U.S. MAIL:**
15              I am readily familiar with the firm's practice of collection and processing of
                correspondence for mailing.  Under that practice such sealed envelope(s) would be
16              deposited with the U.S. postal service on February 26, 2008 with postage thereon
                fully prepaid, at San Diego, California.

17        ☐    **BY PERSONAL SERVICE:**
                I caused the envelope(s) to be delivered by hand to the addressee(s) noted above.  I
18              delivered to an authorized courier or driver to be delivered on the same date.  A
                proof of service signed by the authorized courier will be filed with the court upon
19              request.

20
          I declare under penalty of perjury under the laws of the State of California that the
21
   above is true and correct.
22

23        Executed on February 26, 2008, at San Diego, California.
24

25                                        _____
26                                                  Judy Johns
27

28
   LEGAL_US_W # 58072003.1

                              PROOF OF SERVICE

1

**SERVICE LIST**

2

David Rosenberg, Esq.                    **VIA U.S. MAIL**

3
Annette Farnaes, Esq.
Rosenberg, Shpall & Associates

4
Wells Fargo Plaza
401 "B" Street

5
Suite 2209
San Diego, CA  92101

6
Tel.: (619) 232-1826

7
Fax: (619) 232-1859
Attorneys for Plaintiff

8
Wislawa B. Rosenblum

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58072003.1

PROOF OF SERVICE