

DAVID ROSENBERG, ESQ. (SBN 99105)
ANNETTE FARNAES, ESQ. (SBN 128701)
**ROSENBERG, SHPALL & ASSOCIATES**
WELLS FARGO PLAZA
401 "B" Street, Suite 2209
San Diego, California  92101
Telephone: (619) 232-1826
Facsimile: (619) 232-1859
E-mail: rsalaw@yahoo.com

Attorneys for Plaintiff, WISLAWA B. ROSENBLUM

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WISLAWA B. ROSENBLUM, | **Case No: 08 CV 0340 JLS (RBB)** |
| Plaintiff, | **PLAINTIFF WISLAWA ROSENBLUM'S EARLY NEUTRAL EVALUATION MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| v. | |
| MOTHERS WORK, INC., a Delaware Corporation, and DOES 1 through 30, inclusive, | <u>ENE Conference Date</u>: **March 20, 2008**<br><u>Time</u>: **2:00 p.m.** |
| Defendant. | |

COMES NOW, Plaintiff WISLAWA ROSENBLUM, (hereinafter "Plaintiff") and submits the following Memorandum of Contentions of Fact and Law for the Early Neutral Evaluation Conference to be held on March 20, 2008 at 2:00 p.m, Magistrate Ruben B. Brooks, presiding.

## I.

## INTRODUCTION

This is a wrongful termination case. The Plaintiff was fired in retaliation for her opposition to the Defendants unlawful and discriminatory hiring procedures and also because of her age, in that she was replaced with a much younger person. In addition Plaintiff is claiming that due to her long employ with the Defendant there existed between the parties an implied contract according to which the Plaintiff would only be fired for good cause and no good cause existed to justify her termination.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## FACTS

Plaintiff, Ms. Rosenblum, who is 45 years-old, had been employed by Defendant Mother's Work Inc. since 1993. During her 14 years with Mothers Work, Inc. she received numerous awards and recognitions for her outstanding work, first as a Store Manager and then from 2002, as a District Manager.

Throughout her entire employment with Defendant, Ms. Rosenblum was given persistent excellent performance reviews and her constant outstanding performance resulted in yearly compensation increases. Ms. Rosenblum's yearly salary at the time of her termination was $96,000 including bonus and car allowance.

In September of 2007, Plaintiff went on a two (2) week vacation. Upon her return she learned that her Store Manager in Las Vegas, who was acting District Manager during Ms. Rosenblum's vacation, Ms. Chin Lee Kuok had been using the two (2) weeks to permeate Ms. Rosenblum's district with slanderous rumors about her. Ms. Kuok had communicated such slanderous remarks not only to Ms. Rosenblum's supervisors, but also to store managers and other employees within the district. Several store managers told Plaintiff after her return from a vacation in Europe that it was obvious that Ms. Kuok wanted to take over Plaintiff's job as District Manager.

On October 3, 2007, Plaintiff was suspended from her position as District Manager. Her suspension took place after a question and answer session between Alexis Black, Mr. Scott Gerhard and Plaintiff. At such session Ms. Rosenblum was asked about her position to a variety of questions which all implied (but never stated) that her performance and business practices were questionable.

The questions were absurd to Ms. Rosenblum, who suspected that the origin of the questions were the slanderous statements regarding her ethics and business practices which were communicated by Ms. Kuok.

On October 8, 2007, Ms. Rosenblum received verbal notification that she was terminated immediately. Ms. Rosenblum asked for a letter to be sent to her stating the company's reasons for

1 | terminating her. The Defendant's HR Director told Ms. Rosenblum that the company would not

2 | send her written information regarding the purported reasons for her termination.

3 | Despite Plaintiff's 14 years of excellent service to the company, she was terminated without

4 | severance pay.

5 | Because the questions asked of Plaintiff in the October 3, 2007 meeting, were based on

6 | slanderous and untrue statements regarding my client's character and business practices, it is evident

7 | that Mothers Work, Inc. did not investigate such shallow accusations, but in fact used the false

8 | accusations as a reason for terminating Plaintiff under the pretext of good cause, but in reality in

9 | retaliation of her clear and repeatedly stated opposition to the company's discriminatory and

10 | unlawful hiring and firing policies.

11 | In addition, because Plaintiff is 45 years-old and performed her job duties capable and to

12 | the satisfaction of the Company, and still was fired without good cause, and has been replaced with

13 | a younger (under 40) person, a claim for age discrimination is added to the claims.

14 | **III.**

15 | **THE COMPANY'S DISCRIMINATORY POLICIES**

16 | Soon after Ms. Rosenblum became a District Manager with responsibilities to hire and fire

17 | managers and employees in ten (10) West Coast Stores, she became aware of an unwritten company

18 | policy to discriminate in the hiring and firing of store managers and employees "to fit the image".

19 | On numerous occasions she was instructed by her supervisors to fire otherwise excellent

20 | store employees because they did not "fit the image". Through Ms. Rosenblum's five (5) years as

21 | a District Manager she learned that the Company has a secret discriminatory policy pertaining to the

22 | selection of store managers and employees.

23 | It became evident to Ms. Rosenblum that the company did not want to have African-

24 | American or Hispanic store managers in their Beverly Hills store and did not want to employ women

25 | of Hispanic decent in their more up-scale stores, and did not want to hire pregnant women either.

26 | The message she got from her supervisors was clear. "The more upscaled stores should be staffed

27 | with "white, pretty, non-pregnant, women".

28 | / / /

1    Ms. Rosenblum repeatedly voiced her concern about such discriminating hiring policies and

2    refused to hire candidates for the ten stores she was managing on the basis of their race.

3    Ms. Rosenblum at all times promoted and hired only the best candidates for the jobs without any

4    racial profiling and without advancing a specific "image", all in accordance with California Law.

5    However, this prudent, justified and legal way of performing her job-duties was not what the

6    Company wanted.

7    For instance, after Ms. Patty Marra (Director at that time) made a surprise visit to the Beverly

8    Hills store, where a Hispanic woman was the store manager at that time, Ms. Rosenblum received

9    a phone call from Ms. Marra informing Ms. Rosenblum that "I do not care about your California

10    law; I do not want all "Hernandezes" working in the Beverly Hills store".

11    Ms. Rosenblum had to beg Ms. Marra and Ms. Black not to fire the store manager who was

12    doing an excellent job.  The store manager was then moved to another store.

13    After the position of store manager in the Beverly Hills store thus became vacant,

14    Ms. Rosenblum wanted to re-hire a store manager with exceptional credentials who far outweighed

15    any other candidate for the position.  However, the candidate was African-American and pregnant

16    at the time.  Ms. Rosenblum was instructed to find someone with "a different image".

17    Shortly before my client left for her vacation she had hired a pregnant woman who was the

18    best candidate for a position in the Beverly Hills store.  This was done in defiance of her secret

19    instructions not to hire pregnant women and Plaintiff's  supervisor voiced her disapproval of such

20    hiring to my client.

21                                        **IV.**

22                                **LEGAL ANALYSIS**

23    <u>**Retaliation**</u>

24    Based on the factual scenario and the discriminatory hiring practices which Plaintiff client

25    refused to follow and based on cooperating witness testimony, it will be proven that my client was

26    terminated in retaliation for opposing unlawful discrimination.

27    / / /

28    / / /

1   California Government Code §12940 states in part:

2   "It shall be an unlawful employment practice, unless based upon a bona fide occupational

3   qualification, or, except where based upon applicable security regulations established by the United

4   States or the State of California:

5       (a)    For an employer, because of the race, religious creed, color, national origin, ancestry,
        physical disability, mental disability, medical condition, marital status, sex, age, or
6                 sexual orientation of any person, to refuse to hire or employ the person or to refuse
        to select the person for a training program leading to employment, or to bar or to
7                 discharge the person from employment or from a training program leading to
        employment, or to discriminate against the person in compensation or in terms,
8                 conditions, or privileges of employment.

9       (h)    For any employer, labor organization, employment agency, or person to discharge,
        expel, or otherwise discriminate against any person because the person has opposed
10                any practices forbidden under this part."

11  Based on the testimony which will be offered at the time of trial it will be established that

12  Mothers Work, Inc. engaged in unlawful discrimination in the hiring and firing of their store

13  employees. It will further be established through testimony that my client repeatedly opposed such

14  unlawful discrimination and that such opposition to the company's unlawful conduct was a reason

15  for the termination. There will thus be a presumption, that any purported reason stated by the

16  Company as cause for my client's termination after 14 years of excellent work is pretextual and the

17  real reason for the termination is retaliation. *See* California cases:

18  1.    Iwekaogwu v. City of Los Angeles (App. 2 Dist. 1999)75 Cal.App.4th 803,

19  2.    Flait v. North American Watch Corp. (App. 2 Dist. 1992) 3 Cal.App.4th 467, and

20  3.    Akers v. County of San Diego (App. 4 Dist. 2002), 95 Cal.App.4th 1441.

21  Under California law unlawful retaliation can be grounds for punitive damages imposed on

22  the company and such punitive damages will be requested at the time of trial.

23  **Age Discrimination**

24  Plaintiff, Ms. Rosenblum is 45 years-old. Based on her consistently excellent job

25  performance during all 14 years that she was employed with the company and based on her sudden

26  and unexplained termination which was without cause, it will also be alleged that the termination

27  of Ms. Rosenblum was in fact wrongful termination in the form of illegal age discrimination.

28  ///

1    Under California Law age discrimination is illegal.

2    California Government Code §12940 specifically states:

3    "It shall be unlawful employment practice (a) for an employer because of race, religious creed, color, national origin, ancestry, physical disability, mental

4    disability, medical condition, marital status, sex, age, and sexual orientation of any person to refuse to hire or employ the person or refuse to select the person for

5    training program leading to employment or to discriminate against the person in compensation or terms, conditions, or privileges of employment."

6

7    To maintain a cause of action for age discrimination Ms. Rosenblum needs only to prove

8    the following:

9        1)    At the time of the adverse employment action she was over 40 years of age;

10       2)    That an adverse employment action was taken against her;

11       3)    That at the time of the adverse employment action she was satisfactorily

12             performing her employment duties; and

13       4)    That she was replaced with a younger employee.

14    *See* Muzquiz v. City of Emeryville (2000)79 Cal. App. 4th 1106 and Breitman v. May

15    Company (1994) 37 F. 3rd, 562.

16    Any allegation by Defendant that Ms. Rosenblum client was fired for cause will fail due to

17    current law in California. The Courts in California have consistently held that firing for cause- must

18    be firing for good cause which is proven to be fair and honest cause and reason regulated by good

19    faith as opposed to one that is trivial, capricious and unrelated to business needs and goals, *see* Pugh

20    vs. Sees Candies, Inc., (1988) 203 Cal. App. 3d, 743, and Wood vs. Loyola Marymount University,

21    (1990) 218 Cal. App. 3, 661.

22    **Breach of the implied in fact employment contract.**

23    Under the current law in California an employment of 14 years creates an implied in fact

24    contract whereby such long time employee will be fired for good cause only. *See* Foley v. Interactive

25    Data Corp. (1988) 47 Cal App 3d 654 and Mc Lain v. Great American Insurance Co. (1989) 208

26    Cal. App. 3d 1476 and Bell v. Superior Court of Los Angeles (1989) 215 Cal. App. 3d, 1103.

27    The Courts in California have consistently held that firing for cause, must be firing for good

28    cause which is proven to be fair and honest cause and reason, regulated by good faith as opposed

1  to one that is trivial, capricious and unrelated to business needs and goals.    *See* <u>Pugh vs. Sees</u>

2  <u>Candies, Inc.</u>, (1988) 203 Cal. App. 3d, 743, and <u>Wood vs. Loyola Marymount University</u>, (1990)

3  218 Cal. App. 3, 661.  Thus under an implied in fact contract theory the termination of Plaintiff

4  without a thorough investigation into any slanderous rumors and for arbitrary reasons were in

5  violation of the current law in California.  In addition, any contract includes a covenant of good faith

6  and fair dealing , the violation of which is against public policy and the violation of which entitles

7  Plaintiff to recover damages including punitive damages from Defendant.

8  **Negligence**

9        When the Plaintiff's manager and her supervisor Ms. Alexis Black and Mr. Scott Gerhard

10  conducted an investigation into postulated wrong-doing by Plaintiff, they did so without following

11  the Company policies and in a negligent manner. Plaintiff is stating a cause of action against

12  Defendant for the negligent hiring and supervision of Ms. Black and Mr. Gerhard whose actions did

13  not conform with company policies. The result of the faulty and negligent investigation was that

14  Plaintiff was suspended and suffered loss of pay and emotional distress as a result of the company's

15  negligent supervision of Plaintiff's supervisors, *see* <u>Hine v Dittrich</u> 228 CA3d 64r., <u>Lazar v.Superior</u>

16  <u>Court </u>(1996) 12 CA 4th 631.

17  **Intentional Infliction of Emotional Distress**.

18        The Plaintiff has suffered severe emotional distress due to the Defendant's suspension  of

19  Plaintiff without adequate cause, and due to the Defendant's unlawful retaliation in violation of

20  public policy which retaliation culminated in Plaintiff's firing without explanation and without any

21  severance pay. Said conduct was outrageous in that it was calculated to cause mental distress in the

22  Plaintiff. <u>Wallis v. Superior Court</u> (1984) 160 Cal App.3d 1109; <u>Cervantez v. J.C. Penny Co.</u> (1979)

23  24 Cal 3d 579.

24        The firing for unlawful reasons is per se outrageous conduct, *see* <u>Lanouette v.Ciba-Geigy</u>

25  <u>Corporation </u>(1990) 1 Cal App.4th 1317.

26  / / /

27  / / /

28  / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.

## DAMAGES

Plaintiff has suffered damages in the form of loss of income, loss of future income and emotional distress. Damages will be according to proof and Plaintiff will ask for an award of punitive damages due to the unlawful conduct of the Defendant.

Respectfully Submitted:

ROSENBERG, SHPALL & ASSOCIATES, APLC

_March 13 · 08_
Date

Annette Farnaes, Esq.
Attorney for Plaintiff WISLAWA
ROSENBLUM
rsalaw@yahoo.com

1

### *PROOF OF SERVICE*

2

I, Laura M. Harter, certify that I am, and at all times during the service of process was, not less than

3

18 years of age and not a party to the matter concerning which service of process was made.  I further certify

4

that on March 17, 2008, I served a copy of the following document(s):

5

PLAINTIFF WISLAWA B. ROSENBLUM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

6

on the party(ies) in this action by placing a true copy thereof in a sealed envelope(s), addressed as

7

follows:

8

9

Raymond W. Bertrand, Esquire
Catherine E. Caouette, Esquire
PAUL, HASTINGS, JANOFSKY & WALKER, LLP

10

3579 Valley Centre Drive
San Diego, California 92130

11

12

__X__   **BY E-FILE**: I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the addressee listed above and I hereby certify that I have mailed the foregoing document(s) via the United States Postal Service

13

to the non-CM/ECF participants.

14

__X__   **MAIL**: I placed a true and correct copy thereof in a sealed envelope and caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the

15

addressee(s) designated.  I am readily familiar with the business' practices of collecting and processing correspondence to be deposited with the United States Postal Service on that same day

16

in the ordinary course of business.

17

____   **OVERNIGHT DELIVERY SERVICE**: I caused such document(s) to be delivered via Federal Express in a package designated by Federal Express with delivery fees provided for the addressee(s)

18

designated.  I am readily familiar with the business' practice of collecting and processing correspondence to be picked up by an employee of Federal Express.

19

____   **FACSIMILE**: I caused such document(s) to be served via facsimile on the interested parties at their

20

designated facsimile numbers.  The facsimile numbers used complied with California Rules of Court, Rule 2003 and no error was reported by the machine.  Pursuant to the California Rules of Court, Rule

21

2006(d), I caused the machine to print a report of the transmission.

22

__X__   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction, service was made.

23

I declare under penalty of perjury under the laws of the State of California that the foregoing

24

is true and correct. Executed this 17th day of March, 2008 at San Diego, California.

25

26

27

Laura M. Harter
rsalaw@yahoo.com

28