UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISLAWA B. ROSENBLUM,<br><br>        Plaintiff,<br><br>v.<br><br>MOTHERS WORK, INC., a Delaware corporation; DOES 1-30,<br><br>        Defendants. | Civil No. 08cv0340 JLS(RBB)<br><br>CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS<br><br>(Rule 16, Fed.R.Civ.P.)<br>(Local Rule 16.1) |

Pursuant to rule 16 of the Federal Rules of Civil Procedure, a case management conference was held on <u>March 20, 2008</u>. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

    IT IS HEREBY ORDERED:

    1.   All discovery shall be completed by all parties on or before <u>December 15, 2008</u>. All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the

1  deposition.  For written discovery, the event giving rise to the
2  discovery dispute is the service of the response.  All
3  interrogatories and document production requests must be served by
4  <u>October 14, 2008</u>.
5       2.   Plaintiff(s) shall serve on all other parties a list of
6  expert witnesses whom Plaintiff(s) expect(s) to call at trial by
7  <u>October 14, 2008</u>.  Defendant(s) shall serve on Plaintiff(s) a list
8  of expert witnesses Defendant(s) expect(s) to call at trial by
9  <u>November 11, 2008</u>.  Each party may supplement its designation in
10 response to the other party's designation no later than <u>November
11 24, 2008</u>.  The parties must identify any person who may be used to
12 present evidence pursuant to Rules 702, 703 or 705 of the Federal
13 Rules of Evidence.  This requirement is not limited to retained
14 experts.  The designation(s) shall comply with rule 26(a)(2) of the
15 Federal Rules of Civil Procedure and be accompanied by a written
16 report prepared and signed by each witness, including in-house or
17 other witnesses providing expert testimony.  The failure to fully
18 comply with these requirements may result in the exclusion of
19 expert testimony.
20      3.   Any motion to join other parties, to amend the pleadings
21 or to file additional pleadings shall be filed and heard on or
22 before <u>September 15, 2008</u>.
23      4.   All other pretrial motions must be filed on or before
24 <u>January 12, 2009</u>.  Please be advised that counsel for the moving
25 party must obtain a motion hearing date from the law clerk of the
26 judge who will hear the motion.  **Be further advised that the period**
27 **of time between the date you request a motion date and the hearing**
28 **date may vary from one district judge to another.  Please plan**

**accordingly.** For example, you should contact the judge's law clerk in advance of the motion cutoff to calendar the motion. Failure to timely request a motion date may result in the motion not being heard.

Questions regarding this case should be directed to the judge's law clerk. The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>. Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

5. Further settlement conferences shall be held at appropriate intervals during the course of the litigation in the chambers of Judge Ruben B. Brooks. A further settlement conference shall be held on <u>September 11, 2008, at 2:00 p.m.</u> A mandatory settlement conference date will be set at one of the scheduled settlement conferences.

All parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference and at all settlement conferences. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to

1  negotiate and enter into a settlement.  Failure to attend or obtain
2  proper excuse will be considered grounds for sanctions.
3      If Plaintiff is incarcerated in a penal institution or other
4  facility, the Plaintiff's presence is not required at conferences
5  before Judge Brooks, and the Plaintiff may participate by
6  telephone.  In that case, defense counsel is to coordinate the
7  Plaintiff's appearance by telephone.
8      **Confidential written settlement statements for the mandatory**
9  **settlement conference shall be lodged directly in the chambers of**
10 **Judge Brooks no later than five court days before the mandatory**
11 **settlement conference.**  The statements need not be filed with the
12 Clerk of the Court or served on opposing counsel.  The statements
13 will not become part of the court file and will be returned at the
14 end of the conference upon request.  Written statements may be
15 lodged with Judge Brooks either by mail or in person.
16     Any statement submitted should avoid arguing the case.
17 Instead, the statement should include a neutral factual statement
18 of the case, identify controlling legal issues, and concisely set
19 out issues of liability and damages, including any settlement
20 demands and offers to date and address special and general damages
21 where applicable.
22     If appropriate, the Court will consider the use of other
23 alternative dispute resolution techniques.
24     6.   Counsel shall serve on each other and file with the Clerk
25 of the Court their memoranda of contentions of fact and law in
26 compliance with Local Rule 16.1(f)(2) on or before April 30, 2009.
27 On or before this date, all parties or their counsel shall also
28

fully comply with the pretrial disclosure requirements of rule 26(a)(3) of the Federal Rules of Civil Procedure.

7. Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before May 5, 2009. The parties shall meet and confer and prepare a proposed pretrial order. A personal meeting between an incarcerated Plaintiff, acting in pro per, and defense counsel is not required.

At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c). Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

8. The proposed final pretrial conference order, including objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served and lodged with the Clerk of the Court on or before May 8, 2009, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

9. The final pretrial conference shall be held before the Honorable Janis L. Sammartino, United States District Judge, on May 15, 2009, at 10:30 a.m.

10. The dates and times set forth herein will not be modified except for good cause shown.

11. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

Dated: March 21, 2008

RUBEN B. BROOKS
United States Magistrate Judge

cc: All Parties of Record

**CASE RESOLUTION GUIDELINES**

**Attendance**

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

**Case Resolution Conference Briefs**

Written statements, when specifically requested, shall be lodged in the chambers of Judge Brooks no later than five court days before the scheduled conference. The statements will not become part of the court file. Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.